UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
:
: 16-CV-5633 (ARR) (JO)
JIANMIN JIN, and CHUNYOU XIE, *on behalf of* :
*themselves and others similarly situated*, : NOT FOR ELECTRONIC
: OR PRINT PUBLICATION
Plaintiffs, :
: ORDER
-against- :
:
:
SHANGHAI ORIGINAL, INC. et al., :
X
Defendants.
-------------------------------------------------------------------

On January 25, 2019, plaintiffs submitted a motion to file documents under seal. *See* Affirm. in Supp., ECF No. 143; Pls.' Mem. of Law, ECF No. 144. Plaintiffs allege that "[c]areful examination of the opt-out forms by Class counsel has revealed evidence of misconduct, inappropriate contact with the Class members, and interference in the Class-formation process by Defendants." Affirm. in Supp. ¶ 9. Plaintiffs seek to seal "an Affirmation of John Troy in support of Plaintiffs' contemplated Motion to Annul Class Opt-Outs or Alternatively to Reopen Discovery as to Whether Defendants Improperly Interfered with the Formation of the Class, and for Sanctions . . . , as well as the opt-out notices received by Plaintiffs' counsel and the Class List . . . ." *Id.* ¶ 3. Defendants oppose plaintiffs' motion. *See* Defs.' Opp'n, ECF No. 145.

For substantially the reasons stated in defendants' opposition, plaintiffs' motion is denied. "Generally, judicial documents are subject to a [common law] presumption in favor of public access." *Coleman v. Cty. of Suffolk*, 174 F. Supp. 3d 747, 755 (E.D.N.Y. 2016) (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995); *Lugosch v. Pyramid Co. of*

1

*Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). This presumption may be overcome "if the court determines that competing considerations weigh in favor of sealing the documents." *Id.* One such consideration is "the privacy interests of those resisting disclosure." *Id.* Plaintiffs argue that the documents should be sealed because they "contain confidential personal information of the putatively opting-out Class members, including their home addresses and other contact information." Pls.' Mem. of Law 1. As defendants note, however, "[b]y virture of the employment relationship, Defendants already possess class members names, home addresses and contact information." Defs.' Opp'n 3. Thus, plaintiffs have failed to demonstrate "competing considerations" warranting sealing. The court agrees with defendants that they cannot adequately respond to plaintiffs' allegations without "review[ing] the entire content of Plaintiffs' contemplated motion." Defs.' Opp'n 4.

Plaintiffs are therefore directed to file their contemplated motion and supporting documents unsealed. Plaintiffs' contemplated motion shall be briefed as follows: plaintiffs' motion shall be filed on or before February 13, 2019. Defendants' opposition shall be filed on or before February 20, 2019. Plaintiffs' reply, if any, shall be filed on or before February 22, 2019. The forthcoming motion is respectfully referred to Magistrate Judge Orenstein.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:	February 4, 2019
	Brooklyn, New York