UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>

Jianmin Jin and Chunyou Xie,
on behalf of themselves and other similarly situated,

      Plaintiffs,

    — against —

Shanghai Original, Inc.; East Brother Corp.; Always Good
Brothers, Inc.; Shanghai City Corp.; Shanghai Duplicate
Corp.; Kiu Sang Si a/k/a Joseph Si; Mimi Si; Yiu Fai Fong;
Tun Yee Lam; and Solomon C Liou,

      Defendants.

</td><td>

**16-cv-5633 (ARR) (JO)**

**Opinion & Order**

**Not for electronic or print publication**

</td></tr>
</table>

ROSS, United States District Judge:

On April 2, 2018, I certified a class of workers employed by Joe's Shanghai restaurant in Flushing, Queens. *See Jin v. Shanghai Original, Inc.*, 2018 WL 1597389 (E.D.N.Y. Apr. 2, 2018).[1] For the reasons outlined below, I find that the requirements of Rule 23 are no longer met, and the class is therefore decertified.

## BACKGROUND

In my April 2, 2018 order, I granted plaintiffs' motion to certify a New York Labor Law ("NYLL") class of all non-managerial employees at Joe's Shanghai restaurant in Flushing, Queens ("Flushing restaurant"). *See* 2018 WL 1597389, at *10–14. The overarching class claim is that the Flushing restaurant had a practice of paying its employees an illegally low flat rate of pay that did not account for minimum wage, overtime, or spread-of-hours requirements. *See id.* at *11–12, *14. I certified the class under Federal Rules of Civil Procedure 23(a) and 23(b)(3). *See id.* at *10–14. Subsequently, Judge Orenstein directed the parties to file a joint pretrial order

---

[1] For the purposes of this opinion, I assume familiarity with the background of this case.

("JPTO"). *See* May 3, 2018 Order. After a number of unsuccessful attempts,[2] Judge Orenstein determined that the parties had submitted a JPTO that "substantially complie[d]" with my individual practice requirements and issued an order closing discovery and deeming the case ready for trial. *See* Oct. 29, 2018 Order, ECF No. 136.

On January 14, 2019, I ordered the parties to supplement the JPTO with proposed conclusions of law. *See* January 14, 2019 Order. The parties submitted an updated JPTO on January 22, 2019. *See* JPTO, ECF No. 142. At approximately the same time, plaintiffs came forward with allegations that defendants had inappropriately contacted class members and interfered with the formation of the class. *See* ECF Nos. 140, 143–44. Plaintiffs sought leave to file a sealed motion for sanctions or to reopen discovery (*see id.*), which I denied (*see* Feb. 4, 2019 Order, ECF No. 146). I then set a briefing schedule for plaintiffs' unsealed motion, which I respectfully referred to Judge Orenstein. *See id.* On March 1, 2019, Judge Orenstein held a conference, at which he reopened discovery until May 10, 2019 so that plaintiffs' counsel could conduct dozens of depositions relating to defendants' alleged misconduct. *See* Mar. 1, 2019 Minute Entry, ECF No. 155; Joint Discovery Plan, ECF No. 160. During the May 10, 2019 conference, it came to light that "[o]ver a month ago, after conducting just a few depositions of the defendants' managers (and apparently none of the affected workers), and without notice to the court, the plaintiffs' counsel decided not to complete the remaining depositions or to prosecute their previously filed motion for sanctions and to annul class opt-outs." May 10, 2019 Minute Entry, ECF No. 160. Judge Orenstein noted that "[t]here [was] no motion before [him] as to whether, in these circumstances, the plaintiffs' counsel can properly advocate the interests of the class or whether the court should reconsider its decision to certify a class, which necessarily

---

[2] *See, e.g.*, May 22, 2018 Order; June 6, 2018 Minute Entry, ECF No. 120; October 17, 2018 Order; October 19, 2018 Order; October 24, 2018 Order.

rests on a finding, among others, that the class representatives and their counsel are adequate."

*Id.* Following the conference, plaintiffs' motion for sanctions was withdrawn (*see* May 10, 2019

Order), and the case returned to me for trial.

After carefully reviewing that parties' JPTO and proposed exhibits, I held a pretrial

phone conference. *See* June 25, 2019 Minute Entry, ECF No. 168. I scheduled the trial for July

15, 2019[3] and requested additional information from the parties, including an updated class list

and revised witness lists with details regarding each witness's anticipated testimony. *See id.*[4]

Plaintiffs' revised list, which included 34 witnesses, did not comply with my order in that it

failed to provide adequate details. *See* Pls.' Revised Witness List I, ECF No. 169. I thus directed

plaintiffs to file "a complete witness list with detailed and specific descriptions of anticipated

testimony for all witnesses, who must be available for in-person testimony." June 28, 2019

Order. In response, plaintiffs submitted a second revised witness list. *See* Pls.' Revised Witness

List II, ECF No. 172. The second revised witness list reveals that plaintiffs' counsel plans to call

four witnesses, only two of whom are members of the class. *See id.* at 1–5; *see also* Letter re

Class Membership, ECF No. 175; Letter re Jin's Class Membership, ECF No. 177. The two

witnesses who are not members of the class—Hai Hua Zhai and Baofu Yan—were never even

---

[3] Because of the individualized nature of each plaintiffs' damages, I determined that the trial would be bifurcated into liability and damages. *See, e.g.*, July 1, 2019 Order; *see also* 11 Newberg on Class Actions § 11:8 (5th ed. 2018) ("The most common form of trial bifurcation in class action lawsuits is the separation of liability and damages.").

[4] In the JPTO, plaintiffs stated that 73 class plaintiffs would testify at trial regarding the Flushing restaurant's employment and recordkeeping practices, as well as to employee hours and wages. *See* JPTO 5–20, ¶¶ 1–73. Because defendants concede that their "cash payroll records, time card records and most notices of pay rate for the period prior to November 2016 were lost" (JPTO 28, ¶ 17), substantial testimony is critical to plaintiffs' class claim that the Flushing restaurant had a practice of paying employees a flat wage regardless of NYLL requirements. *See, e.g.*, *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) ("[I]f an employer's records are inaccurate or inadequate, an employee need only present sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference. . . . It is well settled among the district courts of this Circuit . . . that it is possible for a plaintiff to meet this burden through estimates based on his own recollection." (internal quotation marks and citations omitted)). From the JPTO, it appeared that plaintiffs understood the importance of witness testimony; however, because the description of each witness's testimony was the same, I requested additional details from plaintiffs' counsel.

employed by the Flushing Restaurant. *See* Pls.' Revised Witness List II 4–5; *see also* Defs.' Objection Letter, ECF No. 180 (objecting to the testimony of Zhai and Yan on the grounds that they were not disclosed as witnesses in the JPTO, never worked at the Flushing restaurant, and do not appear to be providing relevant testimony). In fact, Yan's anticipated testimony appears to undermine plaintiffs' class claim, as it states that he was paid an hourly wage—not a flat wage— in 2016. *See* Pls.' Revised Witness List II 5. While plaintiffs' witness list includes 24 "adverse" witnesses, plaintiffs provide no details as to their anticipated testimony. *See id.* at 5–8.[5] Finally, on July 3, 2019, the parties jointly submitted a final class list, which includes 38 class members and clarifies that two individuals were paid by check only, two were paid by cash only, and the rest were paid by a combination of cash and check. *See* Final Class List, ECF No. 179.[6]

## DISCUSSION

An order granting class certification "may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). A district court may decertify a class, either on motion or *sua sponte*, if at any point "it appears that the requirements of Rule 23 are not in fact met." *Doe v. Karadzic*, 192 F.R.D. 133, 136 (S.D.N.Y. 2000) (quoting *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2d Cir. 1982)); *see also Selby v. Principal Mut. Life. Ins. Co.*, No. 98 CIV. 5283(RLC), 2000 WL 1863760, at *6 (S.D.N.Y. Dec. 20, 2000) ("Certainly, a court's authority to certify or modify a class *sua sponte* is indisputable."); 7 Newberg on Class Actions § 3:52 (5th ed. 2018) ("So important is a court's oversight that the court need not await a party's motion but can revisit certification on its own initiative."). A court, however, "may not disturb its prior [certification]

---

[5] Further, it appears that defendants are only planning to call seven of these adverse witnesses, none of whom are non-managerial employees from the Flushing restaurant. *See* Defs.' Witness List, ECF No. 173. Thus, the court has serious doubts that the remaining 17 adverse witnesses will testify at all, let alone testify favorably for plaintiffs.
[6] Because I am decertifying the class on inadequacy of representation grounds, I do not make a determination as to whether the class continues to meet Rule 23(a)(1)'s numerosity requirement. *See Jin*, 2018 WL 1597389, at *11 (noting that prospective classes of twenty to forty members fall in a "gray area" and certifying the class based on the finding that "it is almost certain that there have been over 40 workers in the past six years").

findings absent some significant intervening event, or a showing of compelling reasons to reexamine the question." *Jermyn v. Best Buy Stores, L.P.*, 276 F.R.D. 167, 169 (S.D.N.Y. 2011) (internal quotation marks omitted) (quoting *Doe*, 192 F.R.D. at 136–37).

Under Federal Rule of Civil Procedure 23(a)(4), a class can only be maintained if "the representative parties will fairly and adequately protect the interests of the class." The "representative parties" have long been understood to include both the class representatives and class counsel. *See* Newberg § 3:52; *see also Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 164 (S.D.N.Y. 2017). In 2003, Congress enacted Rule 23(g), which explicitly requires that "[c]lass counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). The adequacy factors listed in Rule 23(g) "mirror those that courts had developed" in applying Rule 23(a)(4) to counsel's adequacy. Newberg § 3:80. Thus, "[w]hile the move of the analysis of counsel's adequacy from Rule 23(a)(4) to Rule 23(g) may . . . seem more stylistic than substantive, it is a step towards the fuller acknowledgement that it is class counsel, not the class representatives, who are truly litigating the class's claims." *Id.*; *see also In re American Exp. Anti-Steering Rules Antitrust Litig.*, Nos. 11–MD–2221 (NGG)(RER), 13–CV–7355 (NGG)(RER), 2015 WL 4645240, at *12 (E.D.N.Y. Aug. 4, 2015) ("Indeed, class counsel's integrity, loyalty, and adequacy generally are perhaps even more important than the adequacy of class plaintiffs, as '[e]xperience teaches that it is counsel for the class representative and not the named parties, who direct and manage these actions.'" (quoting *Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 832 n.9 (3d Cir. 1973))).

A court may decertify a class on inadequate representation grounds if "class counsel fails to 'competently, responsibly, and vigorously prosecute the suit.'" Newberg § 7:38 (quoting *Sheinberg v. Sorensen*, Civil Action No. 00–6041 (JLL), 2007 WL 496872, *3 (D.N.J. Feb. 8,

2007))). In fact, given the critical role that counsel plays in a class action, "the court remains under a continuing duty to monitor the adequacy of representation to ensure that class counsel provides zealous, competent representation through the proceedings." *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1112 (10th Cir. 2001); *see also Doe*, 192 F.R.D. at 136 (noting that because an order certifying a class is "conditional," courts have an obligation "to reassess their class rulings as the case develops" (quoting *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999))).

Here, I find that class counsel is no longer providing "zealous, competent representation." *In re Integra Realty Resources, Inc.*, 262 F.3d at 1112. While there have been numerous red flags over the past few months, including counsel's failure to adequately respond to the court's orders and apparent attempts to delay trial,[7] the "significant intervening event" (*Jermyn*, 276 F.R.D. at 169) triggering decertification is counsel's disclosure that he plans to call only two class members as witnesses at trial. As discussed above, substantial testimony by the Flushing restaurant's non-managerial staff is crucial to the plaintiffs' case, as the crux of the class claim involves the restaurant's payment policy, the restaurant's cash payment records prior to the filing of the lawsuit are missing, and all class members except two were paid at least partially in cash. Put simply, by calling only two relevant witnesses, counsel is failing to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). While decertification late in the litigation process is generally disfavored, the reason is that late decertification can "prejudice

---

[7] Counsel made two last-minute, unsuccessful attempts to delay the May 10, 2019 status conference before Judge Orenstein. *See* Mot. Adjourn, ECF No. 157; May 9, 2019 Order denying Mot. Adjourn; Second Mot. Adjourn, ECF No. 159; May 9, 2019 Order denying Second Mot. Adjourn. This was the conference where counsel revealed that despite knowing for over a month that plaintiffs were not going to pursue their motion for sanctions, counsel made no attempt to notify the court. *See* May 10, 2019 Minute Entry (calling into doubt whether plaintiffs' counsel was providing adequate representation). Further, shortly after agreeing to a trial date of July 15, plaintiffs' counsel submitted a request to adjourn the trial until August based on various scheduling conflicts. *See* Mot. Adjourn Trial, ECF No. 171; *see also* July 1, 2019 Order (denying plaintiffs' motion to adjourn the trial).

class members, who may be unable to protect their own interests." *Doe*, 192 F.R.D. at 137 (quoting *Langley v. Coughlin*, 715 F. Supp. 522, 552 (S.D.N.Y. 1989)). In the instant case, the prejudice from late-stage decertification must be balanced against the prejudice class members face from inadequate representation. Because I conclude that the prejudice from inadequate representation is greater, I find that decertification is proper.

## CONCLUSION

For the reasons stated in this opinion, the class of Flushing restaurant employees is decertified due to inadequacy of representation. Plaintiffs' counsel is ordered to provide notice of decertification to all class members. The notice should explain their rights to pursue their individual claims and the fact that the statute of limitations is no longer tolled.[8] Plaintiffs' counsel is directed to submit a proposed decertification notice to the court by July 19, 2019. The trial on behalf of named plaintiff Jianmin Jin is still scheduled for Monday, July 15, at 9:30am in Courtroom 8C. The parties are directed to review this order and call Chambers at 10:30am on July 11, 2019 for a pre-trial phone conference.


SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:     July 10, 2019
               Brooklyn, New York

---

[8] *See* Newberg § 7:40 ("The reason that class members should learn of decertification is that they might be prejudiced if they do not. Specifically, the filing of a class action tolls the statute of limitations on the putative class members' individual claims, but decertification of the class starts the clock again. Class members who received notice that a class had been certified may not pursue their individual claims in reliance thereon, but if they do not receive notice of decertification, they have no way of knowing that the clock has restarted on their claims.").