UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Jianmin Jin and Chunyou Xie,
on behalf of themselves and other similarly situated,

        Plaintiffs,

— against —

Shanghai Original, Inc.; East Brother Corp.; Always Good Brothers, Inc.; Shanghai City Corp.; Shanghai Duplicate Corp.; Kiu Sang Si a/k/a Joseph Si; Mimi Si; Yiu Fai Fong; Tun Yee Lam; and Solomon C Liou,

        Defendants.

**16-cv-5633 (ARR) (JO)**

**Opinion & Order**

**Not for electronic or print publication**

---

ROSS, United States District Judge:

On July 10, 2019, I issued an order decertifying the Rule 23 New York Labor Law ("NYLL") class in this action. *See* July 10, 2019 Order, ECF No. 181. The remaining claims are scheduled to be tried before me on Monday, July 15, 2019. At all times during the weeks preceding trial—throughout numerous pre-trial phone conferences and in multiple submissions to the court—both parties had repeatedly indicated that the only claims that remain to be tried are Jin's Fair Labor Standards Act ("FLSA") and NYLL claims, as well as the NYLL claims brought on behalf of the previously-certified Rule 23 class, which was defined to encompass only those employees who worked at defendants' Flushing location. *See Jin v. Shanghai Original, Inc.*, No. 15-cv-5633 (ARR)(JO), 2018 WL 1597389, at *16 (E.D.N.Y. Apr. 2, 2018). Since the Rule 23 class has been decertified, Jin's individual FLSA and NYLL claims are the only claims remaining in this lawsuit.[1]

---

[1] Though named plaintiff Chunyou Xie is also a party to this lawsuit, he is precluded from testifying at trial, *see* Min. Entry, ECF No. 76, and no records exist pertaining to his employment. During the July 11, 2019 pre-trial phone conference, plaintiff's counsel acknowledged that he will therefore be unable to make out a claim on behalf of Xie at trial.

1

Now, on the eve of trial, plaintiff argues that he may also assert NYLL claims on behalf of Huihua Zhai, an employee of defendants' Midtown location who filed a consent form "to become a party plaintiff" in February 2017. *See* Consent, ECF No. 30. In an April 2018 order, however, I decertified the collective action in this case, and I dismissed Zhai's claims "without prejudice" after I concluded that the circumstances of Zhai's employment were too dissimilar to warrant treatment as a collective action with employees from defendants' other locations. *See Jin*, 2018 WL 1597389, at *9. Because I concluded that Zhai's claims arose in a different employment context from the claims of the named plaintiffs, the reasoning behind my decertification of the FLSA collective action applied equally to Zhai's NYLL claims. Thus, I conclude that I do not have supplemental jurisdiction over these claims, because they do not share a common nucleus of operative fact with the remaining in this lawsuit: Jin's individual FLSA claims. As such, the trial will proceed on Monday, July 15, 2019, and the evidence must be limited to Jin's FLSA and NYLL claims.

In my April 2018 order, I conducted an in-depth analysis of Zhai's claims and the circumstances of his employment at defendants' Midtown location. *See Jin*, 2018 WL 1597389, at *9. Even though Zhai asserted that he was paid a flat wage—a similar claim to that made by the named plaintiffs—I concluded that his claims differed in material and fundamental ways from the claims of the named plaintiffs. *Id.* Because he was employed at the Midtown location as opposed to the Flushing location, Zhai "was subject to a different employment policy by a separately managed and owned restaurant." *Id.* This difference was crucial, as it meant that his claims arose in a "disparate factual and employment setting" from the employment circumstances of the named plaintiffs. *Id.* Indeed, these differences meant that the adjudication of Zhai's claims would require consideration of entirely different evidence, testimony, and facts from the claims of the Flushing-

based employees. *Id.* Zhai's claims were thus better asserted alongside the claims of other employees of the Midtown location, since those employees "share the same employer and workplace." *Id.* Having concluded that Zhai's claims could not be tried alongside the claims of the named plaintiffs, who worked at defendants' Flushing location, I dismissed them without prejudice. *Id.* In a separate section of the opinion, I also declined to certify a Rule 23 class for the Midtown workers' NYLL claims, expressly reserving the question "for if and when the Midtown opt-in plaintiffs re-file their claims as named plaintiffs." *Id.* at *10 n.9. Crucially, neither Zhai nor any of the other Midtown opt-in plaintiffs ever re-filed their claims as named plaintiffs or moved to amend the complaint so that they could assert these NYLL claims.

Plaintiff argues that my April 2018 decertification order did not apply to Zhai's NYLL claims, as it only analyzed the FLSA collective action. *See* Status Letter, ECF No. 183. Plaintiff correctly notes that an opt-in plaintiff to an FLSA collective action may also pursue NYLL claims, provided that the notice and consent forms submitted by the consenting plaintiff did not "limit[] the scope of opting in to only the FLSA claims." *Marin v. Apple-Metro, Inc.*, No. 12 CV 5274 (ENV) (CLP), 2017 WL 4950009, at *12–13 (E.D.N.Y. Oct. 4, 2017) (citing *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 339 (W.D.N.Y. 2014)); *see* Status Letter at 2–3. Here, the consent form signed by Zhai indicated that he was "authoriz[ing] the filing and prosecution of claims . . . under state and/or federal law." *See* Consent; *see also Marin*, 2017 WL 4950009, at *13 (holding that a consent form that authorized counsel to act "in all matters relating to this action" encompassed both state and federal law).

However, none of the cases cited by plaintiff involved the question presented here: whether a plaintiff who opted-in to a subsequently *decertified* FLSA collective action may still assert his

accompanying state-law claims.[2] In *Marin*, the collective action remained conditionally certified, and the court concluded that the opt-in plaintiffs thus had standing to assert their state-law claims that related to the existing FLSA collective action claims. 2017 WL 4590009, at *12–13; *see also Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) (holding that opt-in plaintiffs to an *existing* collective action join the entirety of the action, not just specific claims); *Hicks*, 35 F. Supp. 3d at 335 (concluding that opt-in plaintiffs could assert state-law claims in the context of an *existing* FLSA collective action); *Fengler v. Crouse Health Sys., Inc.*, 634 F. Supp. 2d 257, 263 (N.D.N.Y. 2009) (same); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 90 (S.D.N.Y. 2001) (same). In contrast, I decertified the collective action in this case fifteen months ago, precisely because I concluded that Zhai—who worked at a different location in a separately-managed restaurant—was not similarly-situated to the named plaintiffs.

It makes little sense to think that my order retained Zhai's individual NYLL claims, because the same circumstances that made it inappropriate for him to assert his FLSA claims alongside the named plaintiffs applied equally to his NYLL claims. *See Jin*, 2018 WL 1597389, at *6–8 (describing in detail the differences between employment at the Midtown and Flushing locations, including the lack of a "uniform employment policy or practice" and the absence of "common ownership or management"). Put differently, while *Marin* supports plaintiff's assertion that an opt-in party plaintiff may assert state-law claims that stem from *existing* federal claims, it does not support plaintiff's argument that those state-law claims can be asserted when the federal

---

[2] Plaintiffs note that Zhai filed a consent to become a party plaintiff before the collective action was conditionally certified. *See* Status Letter 1. However, Judge Orenstein later found that the wording of Zhai's consent form was sufficient to make him an opt-in plaintiff, despite the fact that his form was filed prior to the conditional certification. *See* Min. Entry, ECF No. 103. Thus, from the earliest stages of this lawsuit, Zhai was treated by all parties as an opt-in plaintiff who shared the same rights as the other opt-in plaintiffs to the collective action. Indeed, in the parties' original joint pre-trial order, plaintiff described Zhai as a "[f]ormer opt-in plaintiff," *not* as a plaintiff who planned to assert his own claims at trial. *See* JPTO 13, ECF No. 134.

claims—which provided a federal jurisdictional hook—are extinguished. *See also id.* at *7 ("[T]here is no justification for joining the Midtown and Flushing plaintiffs in a collective action. . . . In short, they are two entirely separate actions: they do not share any defendants; they do not share any plaintiffs; and they do not share any specific FLSA claims.").

This analysis compels me to conclude that I do not have supplemental jurisdiction over Zhai's NYLL claims. A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Second Circuit has "held that disputes are part of the 'same case or controversy' within § 1367 when they 'derive from a common nucleus of operative fact.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Promisel v. First Am. Artificial Flowers Inc.*, 943 F.2d 251, 254 (2d Cir. 1991)). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *LaChapelle v. Torres*, 37 F. Supp. 3d 672, 680 (S.D.N.Y. 2014) (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) (alteration in original)).

Here, original jurisdiction is premised on Jin's FLSA claims—the only federal claims in this lawsuit. Thus, in order for me to exercise supplemental jurisdiction over Zhai's NYLL claims, those state-law claims would have to arise from the same common nucleus of operative facts as Jin's federal claim. More than a "loose factual connection" is necessary to satisfy § 1367. *See, e.g.*, *LaChapelle*, 37 F. Supp. 3d at 680 (citing cases). Though the two claims need not "turn on precisely the same historical events," the facts underlying the two claims must either "substantially overlap," or the "presentation of the federal claim [must] necessarily [bring] the facts underlying

the state claim before the court." *BLT Rest. Grp. LLC v. Tourondel*, 855 F. Supp. 2d 4, 10 (S.D.N.Y. 2012) (quoting *Lussier*, 211 F.3d at 704).

For the same reasons that Zhai's FLSA claims could not be asserted alongside the claims of the Flushing workers, Zhai's NYLL claims do not share a common nucleus of operative fact with Jin's FLSA claims. Jin was an employee of defendants' Flushing location, which had its own distinct employment policies and practices and an entirely separate ownership and management structure from defendants' Midtown location, where Zhai worked. Though the claims may bear some commonalities, these superficial shared characteristics are not sufficient to provide jurisdiction. *See also Jin*, 2018 WL 1597389, at *4 (concluding that the fact that the employees all worked in New York, and that the restaurants had "a single website and similar menus" was not sufficient to justify treatment as a collective action). Jin's employment at the Flushing location was governed by its own unique policies and management structures; while Zhai, like Jin, asserts that he was paid a flat wage, he was "subject to a different employment policy by a separately managed and owned restaurant." *Jin*, 2018 WL 1597389, at *9. Zhai's claims would require the court to engage in an "entirely separate analysis" from the analysis of Jin's claims. *See, e.g.*, *LaChapelle*, 37 F. Supp. 3d at 682 (holding that plaintiff's breach of contract claims pertaining to loans made to defendant were not part of the same case or controversy as plaintiff's copyright claims because they will "require consideration of an entirely different set of facts").

Indeed, Zhai's claims are so different from Jin's claims that Zhai could not even be joined as a plaintiff pursuant to Fed R. Civ. P. 20(a), which allows a plaintiff to join in an action if "any question of law or fact common to all plaintiffs will arise in the action." Because Zhai worked at a different location and was subject to different policies, there are no factual or legal questions that are common to his claims and Jin's claims. The fact that Zhai, like Jin, claims that defendants paid

him a flat wage does not change this analysis. The alleged flat wage policy that governed the terms of Jin's employment was managed and maintained by a different set of defendants in a separate and distinct employment setting. Whether Jin was subjected to a flat wage will thus not determine whether Zhai was also subjected to a flat wage, since the two employees worked in different locations and were governed by different rules and terms of employment.

Plaintiff informs the court that he disputes my prior ruling that the Midtown and Flushing locations were "disparate employment settings," and he intends to call witnesses at trial to demonstrate that "all the locations were in fact tied together by the common management of Defendant Si." Status Letter 3. Plaintiff's attempt to relitigate this issue, however, fails to provide the court with subject matter jurisdiction over Zhai's state-law claims. Indeed, the existence of subject matter jurisdiction implicates "the trial court's . . . very power to hear the case." *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also Greater N.Y. Nursing Home Div. v. Verrazano Staffing, Inc.*, No. 05-CV-4116 (JG)(RER), 2007 WL 1480777, at *3 (E.D.N.Y. Mar. 28, 2007) (holding that a court without subject matter jurisdiction "is without power to pass judgment on the claims contained therein, and has a duty to dismiss the complaint in its entirety"). Where there is no basis for the exercise of supplemental jurisdiction, a court is not permitted to adjudicate the factual disputes underlying a party's claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case.").

Finally, plaintiff argues that the discretionary factors under § 1367(c) also weigh in favor of the court's exercise of jurisdiction over Zhai's state-law claims. *See* Status Letter 4. Those discretionary factors are only implicated, however, if the claim otherwise fits within § 1367(a).

7

*See, e.g.*, *Lussier*, 211 F.3d at 704 ("While the exercise of pendent jurisdiction is a favored and normal course of action, such exercise, as noted, requires a common nucleus of operative fact." (internal citation omitted)); *Diversified Carting, Inc. v. City of New York*, 423 F. Supp. 2d 85, 99 (S.D.N.Y. 2005) ("Where a state claim is part of the same case or controversy as a sustained federal claim, the exercise of supplemental jurisdiction is within the discretion of a district court." (citing *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004))). Even if Zhai's claims did share a common nucleus of operative fact with Jin's claims—and I conclude that they do not—the discretionary factors would not support the exercise of jurisdiction in this case. Zhai's claims raise distinct state-law questions because they implicate different witnesses, records, and evidence. The introduction of a new party and a new set of testimony and evidence would strain the court's resources and unduly prejudice the defendants, who are not prepared to introduce defenses related to the Midtown restaurant location. *See* Defs.' Resp. 2, ECF No. 184 (arguing that defendants would be prejudiced because they "were never aware that Zhai was a named plaintiff in this action—and never regarded Zhai as a named plaintiff"). No records pertaining to Zhai's employment or the employment of any of the Midtown employees have been exchanged. Plaintiff never even attempted to add Zhai as a named plaintiff at any point before or after the decertification order. *Id.* Moreover, I expressly said that I would consider whether to certify the Midtown employees' NYLL claims as a Rule 23 class if the Midtown opt-in plaintiffs refiled their claims as named plaintiffs, which they did not. *See Jin*, 2018 WL 1597389, at *10 n.9. When I issued my order decertifying the collective action, I further explained that "[t]he individual and class claims of the opt-in plaintiffs are dismissed *without prejudice*." *See* Order, ECF No. 115. Thus, plaintiff cannot claim surprise at this ruling, and his late-stage attempt to bootstrap Zhai's claims to the existing lawsuit will not succeed.

In sum, I conclude that I do not have supplemental jurisdiction over Zhai's state-law claims, and the trial beginning on Monday, July 15, 2019 shall be limited to Jin's FLSA and NYLL claims.

SO ORDERED.

Date:  July 12, 2019  　　　　　/s/_____
       Brooklyn, New York  　　　　　Allyne R. Ross