UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jianmin Jin<br><br>Plaintiff<br><br>— against —<br><br>Shanghai Original, Inc. d/b/a Joe's Shanghai *et al*<br><br>Defendants. | 16-cv-5633 (ARR) (JO)<br><br>**Opinion & Order**<br><br>**Not for electronic or print publication** |

ROSS, United States District Judge:

On September 25, 2019, plaintiff moved under Federal Rule of Civil Procedure 60(b) for reconsideration of my July 10, 2019 decision to decertify a class of workers employed by Joe's Shanghai restaurant in Flushing, Queens. Plaintiff's motion is denied for the reasons described below.

## BACKGROUND

On October 7, 2016, Jinanmin Jin and Chunyou Xie filed suit against Joe's Shanghai on behalf of themselves and others similar situated under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Ultimately, only Jin's FLSA and NYLL claims proceeded to trial. After a bench trial, I ordered judgment for Jin. *See* Judgment, ECF No. 191. The case is pending before the court solely on the issue of attorney's fees, which was referred to Magistrate Judge Orenstein. *See* Order Referring Mtn, ECF No. 199.

Previously, I had granted plaintiffs' motion to certify a NYLL class of all non-managerial employees at Joe's Shanghai restaurant in Flushing, Queens ("Flushing restaurant"). *See Jianmin Jin v. Shanghai Original*, No. 16-cv-5633 (ARR) (JO), 2018 WL 1597389, at *1 (E.D.N.Y. Apr. 2, 2018). However, I decertified that class in a July 10, 2019 decision. *See* Decertification Order,

1

ECF No. 181.

The decertification decision was precipitated by various actions by counsel which led me to conclude that that counsel was not able to provide adequate class representation. *See id.* at 5–6. Notably, in January 2019, counsel raised concerns that defendants had inappropriately contacted class members and interfered with the formation of the class. *See* ECF Nos. 140, 143–44. I took these allegations seriously, and referred the issue to Judge Orenstein, who reopened discovery to allow plaintiffs to conduct dozens of depositions. *See* Feb. 4, 2019 Order, ECF No. 146; Mar. 1, 2019 Minute Entry, ECF No. 155; Joint Discovery Plan, ECF No. 160. At a conference at the close of discovery, on May 10, 2019, Judge Orenstein noted:

> Over a month ago, after conducting just a few depositions of the defendants' managers (and apparently none of the affected workers), and without notice to the court, the plaintiffs' counsel decided not to complete the remaining depositions or to prosecute their previously filed motion for sanctions and to annul class opt-outs. There is no motion before me as to whether, in these circumstances, the plaintiffs' counsel can properly advocate the interests of the class or whether the court should reconsider its decision to certify a class, which necessarily rests on a finding, among others, that the class representatives and their counsel are adequate.

May 10, 2019 Minute Entry, ECF No. 160. Subsequent "red flags" about counsel's competency continued to appear, including failure to adequately respond to the court's orders regarding witness lists, and apparent attempts to delay trial. *See* Decertification Order at 6 (discussing plaintiff's incomplete witness list, Pls.'s Revised Witness List I, ECF No. 169, and last-minute motions to adjourn a status conference before Judge Orenstein, Mot. Adjourn, ECF No. 157; Second Mot. Adjourn, ECF No. 159). In a second proposed witness list, counsel disclosed that he planned to call only two class members as witnesses at trial. Pls. Revised Witness List II, ECF No. 172. The witness list also proposed to call two non-class member witnesses who were never even employed at the Flushing Restaurant. *Id.* Based on all of this evidence, "the class of Flushing restaurant employees [wa]s decertified due to inadequacy of representation."

Decertification Order at 7.

Now, plaintiff purports to bring a Fed. R. Civ. P. 60(b) motion for reconsideration of my decertification decision. *See* Pl.'s Mtn, ECF No. 202.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) allows a court to provide relief from an order for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Plaintiff's memorandum of law in support of his motion argues for relief under Rule 60(b)(3) fraud by opposing party and 60(b)(2) newly discovered evidence. *See* Pl.'s Br. 1–4. In support of this motion, plaintiff submits affidavits by Joe's Shanghai employees Aragon Cardoso Cruz and Maximino Raymundo. *See* Troy Aff., Exs. 1–2;

The Cruz and Raymundo affidavits have no bearing on my determination that the class decertification was, and remains, necessary because of inadequate representation. My decision to decertify the class was based on my conclusion that requirements for a class action were no longer met because class counsel was failing to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). The new affidavits do not change the fact that counsel failed to conduct a single deposition of an employee during the allotted discovery time and repeatedly failed to respond to court orders. After decertification, counsel continued to ignore court orders, and delayed in submitting a proposed decertification notice, an essential step for protecting the

legal rights of individual class members. *See* Order dated July 22, 2019. My decision was based not based on prejudice against small law offices, *cf.* Troy Aff. ¶ 49–50, but rather, counsel's actual conduct in this case.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for relief from the decertification order is denied. This decision is not a reflection on the merits of Cruz or Raymundo's claims that they were coerced to opt-out of litigation or otherwise subjected to unfair labor practices. Cruz and Raymundo have the option of pursuing individual claims or class action litigation with other counsel.

SO ORDERED.

                                                   \_/s/_____
                                                   Allyne R. Ross
                                                   United States District Judge

Dated:    October 2, 2019
              Brooklyn, New York