RECORD NO.

# [TBD]

In the

# United States Court of Appeals

## For the Second Circuit

# JIANMIN JIN AND CHUNYOU XIE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED

*Plaintiffs-Petitioners,*

v.

# SHANGHAI ORIGINAL, INC., ET AL

*Defendants-Respondents.*

**PETITION FOR PERMISSION TO APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

**RULE 23(F) PETITION FOR PERMISSION TO APPEAL ORDER DECERTIFYING CLASS**

John Troy
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 119
Flushing, NY 11355
(718) 762-1324

*Counsel for Plaintiffs-Petitioners*

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................. i

**TABLE OF AUTHORITY** ............................................................................................. ii

**QUESTION PRESENTED** ........................................................................................... 1

**STATEMENT OF FACTS** ........................................................................................... 1

**ARGUMENT** ................................................................................................................ 4

    **I.   Petitioners Meet the Standard for Interlocutory Review** ................................. 4

**CONCLUSION** ............................................................................................................. 6

## **TABLE OF AUTHORITY**

Cases

*Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001) . 7

**QUESTION PRESENTED**

Whether the District Court's reason to decertify a class sua sponte is questionable where the intervening event warrant decertification did not exist. And whether decertifying the class would be a death knell to the class members' chance to recover damages they rightfully entitled to.

**STATEMENT OF FACTS**

Junmin Jin and Chunyou Xie brought this action on behalf of themselves, and a collective and a class both consisting of all non-exempt, non-managerial employees of Joe's Shanghai restaurants located in Flushing, Chinatown, and Midtown Manhattan. *See* Dkt. No. 1 ¶¶ 63–72. Junmin Jin was a miscellaneous kitchen worker performing odd jobs—primarily but not exclusively cutting and washing vegetables—in the kitchen of Joe's Shanghai Flushing from September 10, 2014 through May 2, 2015. *See* Dkt. No. 190, at *4. Chunyou Xie was a cook who primarily prepared steamed dumplings in the kitchen of Joe's Shanghai Flushing from about November 15, 2014 through about January 31, 2016. *See* Dkt. No. 43-2, at ¶¶ 3, 5.

Additionally, Haihua Zhai consented to join this action as a party plaintiff on February 9, 2017. *See* Dkt. No. 30. Haihua Zhai was a delivery person for Joe's Shanghai Midtown from about January 2014 through February 22, 2014. *See* Dkt. No. 43-3, at ¶¶ 3, 5.

Plaintiffs moved for conditional certification of a collective under § 216(b) of the FLSA on April 7, 2017. *See* Dkt. No. 43. In support of their motion, Plaintiffs submitted, among other things, affidavits of Junmin Jin, Chunyou Xie, and Haihua Zhai. *See* Dkt. Nos. 41-1, 43-2, and 43-3. A collective was conditionally certified as to all non-exempt, non-managerial employees at Joe's Shanghai Flushing and Joe's Shanghai Midtown, the locations where Junmin Jin, Chunyou Xie, and Haihua Zhai worked. Plaintiff sought to expand the collective to the Chinatown location

1

following in the opt-in of Xin He, who had worked at all three locations as a cook at various times. *See* Dkt. Nos. 52, 53. However, that request was denied. *See* Dkt. No. 62. Additionally, Chunyou Xie was precluded from testifying for failure to participate in discovery. *See* Dkt. No. 76.

Subsequently, Defendants moved for decertification of the collective and Plaintiffs moved for final certification of the collective and certification of a class. *See* Dkt. Nos. 94, 100. Ultimately, the District Court denied final certification of any collective, in part because it was certifying a class consisting of all the non-exempt, non-managerial employees at Joe's Shanghai Flushing. *See* Dkt. No. 115, at *15–16 ("Fairness and procedural considerations do not militate in favor of Xin He remaining in the putative collective action here either.… As Xin He is part of the NYLL class of Flushing employees that I am certifying under Rule 23—and the NYLL provides at least as much in damages as the FLSA—he may still recover any damages he is owed in that part of the action."). Notably, Xin He was the only member of the eventual class and the only worker at Joe's Shanghai Flushing who submitted an affidavit in support of class certification. *See* Dkt. Nos. 102, 102-10.

The parties submitted a proposed joint pretrial order on October 26, 2018. *See* Dkt. No. 134. Because the class notice had not been distributed at that point, Plaintiffs included on their witness list each of the class members identified by Defendants, so as not to preemptively exclude as witnesses any class members who came forward after receiving the notice, and wanted to testify. The Joint Pretrial Order was accepted as compliant with the District Court's rules on October 29, 2019. *See* Dkt. No. 136.

Class counsel distributed opt-out notices to members of the putative class on October 29, 2018, with a deadline to opt out by December 28, 2018. *See* Dkt. No. 137. The class notice, among other things, urged class members to contact class counsel should they have any questions about

the case. *See* Dkt. No. 127-1, at ¶ 21. However, no class plaintiff other than Xin He contacted class counsel prior to the trial.

On January 14, 2019, the District Court ordered the parties to supplement the Joint Pretrial Order with proposed conclusions of law. It did not at that time invite other changes to the Joint Pretrial Order. *See* Elec. Order of January 14, 2019. The parties submitted their revised joint pretrial order on January 22, 2019. *See* Dkt. No. 142.

Before the end of the opt-in period, class counsel received 27 opt-out notices from employees currently working at Joe's Shanghai Flushing. Only two of the opt-out notices had been notices received by class members; the others had been created by photocopying those opt-out notices (before they had been filled) with the unique identification numbers removed. These photocopies had been made and distributed to Joe's Shanghai Flushing employees by Joe's Shanghai Flushing manager Jian Jin Chen, with the approval of Defendants Yiu Fai Fong and Tun Yee Lam. Plaintiffs moved to depose Jian Jin Chen, Yiu Fai Fong, Tun Yee Lam, and the opt-outs on the issue of whether the opt-outs had been coerced; deposition of Jian Jin Chen, Yiu Fai Fong, Tun Yee Lam revealed no reasonable basis to believe there had been coercion. Accordingly, Plaintiffs did not pursue the matter further.

On June 14, 2019, the Court ordered the parties to brief the issue of whether Joe's Shanghai Flushing had in excess of $500,000.00 gross annual revenue, despite Defendants having admitted as much in their Answer. *See* Elec. Order of June 14, 2019; Dkt. No. 163. On June 25, 2019, following a telephone conference, the Court scheduled a trial date for July 15, 2019. The Court had initially sought to schedule trial for July 8, and only reluctantly set the July 15, 2019 date when informed that Plaintiff's counsel had a preexisting trial scheduled for that date, that could not be adjourned. The Court refused to adjourn the July 15, 2019 date when informed, after the

conference, that Plaintiff's counsel had another prior commitment on that date—namely, to take a series of depositions in Albany which were anticipated to last all week.[1] *See* Dkt. No. 171.

The Court then demanded further revisions to the parties' witness list to state with specificity the subject matter on which the witnesses would testify. Plaintiffs provided their revised witness list on July 1, 2019. *See* Dkt. No. 172. Plaintiffs would present Jianmin Jin and Xin He as witnesses for the class, and three other witnesses for the purpose of establishing that Kiu Sang Si, Joe's Shanghai Midtown, and Joe's Shanghai Downtown, were employers of Plaintiff Jianmin Jin and the Class. Jianmin Jin and Xin He were prepared to testify that they both received flat salaries without overtime (Jianmin Jin a weekly, and Xin He a monthly, salary), that all the kitchen workers received their pay at the same time as them, that some of the kitchen workers were paid in cash the same way they were, that all the kitchen workers worked the same hours as them, and that all the dining room workers worked about the same hours as them. *See id.* Similar testimony had led to the certification of the class in the first place.

However, *sua sponte*, the District Court decertified the class, citing as a "significant intervening event" the presentation of two class witnesses, despite the same two witnesses being the only ones presented in favor of certifying the class in the first place. *See* Dkt. No. 181.

## **ARGUMENT**

### **I.      Petitioners Meet the Standard for Interlocutory Review**

To justify interlocutory review, Petitioners "must demonstrate either (1) that the certification order will effectively terminate the litigation and there has been a substantial showing that the district court's decision is questionable, or (2) that the certification order implicates a legal

---

[1] Plaintiff's counsel was in Philadelphia to appear before the Eastern District of Pennsylvania the day of the telephone conference, did not have access to his calendar, and did not remember the July 15, 2019 commitment at that time.

question about which there is a compelling need for immediate resolution." *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001). To satisfy the first prong, Petitioners must demonstrate both that the class decertification is questionable, and that it sounds a "death knell" on the litigation.

The District Court's decision is questionable on its face. The District Court did not decertify the Class over any significant intervening event; the intervening event identified by the District Court did not exist. The witnesses testifying in support of the class were the same witnesses who had testified in support of the class at the certification stage. Rather than this pretext, the Court's real concern was to limit its own work at trial and time spent at trial by limiting the scope of issues for trial. This can be seen from 1) the Court's attempt to revisit the jurisdictional issue, long settled by Defendants' admission, of enterprise coverage under the FLSA;[2] 2) the Court's draconian enforcement of short-notice deadlines, *see*, *e.g.* Elec. Order of June 20, 2019 denying joint request for extension of time to submit proposed trial exhibits; and 3) the Court's limiting the presentation of evidence at trial to a single day, which precluded the parties from examining witnesses on pertinent issues and unfairly limited the number of witnesses called (for example, Tun Yee Lam was never called in his own defense). *See* Dkt. No. 188-1, at *153:24–154:1.

As for the death knell of the litigation, it certainly sounded the death knell for Xin He's attempt to recover as a class member, and may have irreparably damaged his ability to recover individually. Xin He had proceeded as a collective and class member for more than a year. Furthermore, the decertification would most likely be the death knell of all other class members as

---

[2] Absent original federal jurisdiction under the FLSA the Court would no doubt have declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and the class grounded therein.

they have not actively to participate in this lawsuit, it is unlikely they would pursue an individual lawsuit to enforce their rights.

## CONCLUSION

For the forgoing reasons, the Court should permit the petitioners to appeal to this Court.

RECORD NO.

# [TBD]

In the

## United States Court of Appeals

### For the Second Circuit

# JIANMIN JIN AND CHUNYOU XIE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED

*Plaintiffs-Petitioners,*

v.

# SHANGHAI ORIGINAL, INC., ET AL

*Defendants-Respondents.*

**ATTORNEY'S AFFIRMATION IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

**RULE 23(F) PETITION FOR PERMISSION TO APPEAL ORDER DECERTIFYING CLASS**

**John Troy**
**TROY LAW, PLLC**
**41-25 Kissena Boulevard**
**Suite 119**
**Flushing, NY 11355**
**(718) 762-1324**

*Counsel for Plaintiffs-Petitioners*

I, John Troy, an attorney admitted to practice law before the United States Court of Appeals for the Second Circuit, hereby affirm as follows under the penalty of perjury:

1.   I am the principal attorney of Troy Law, PLLC, and attorney of record for the Plaintiffs in the above-captioned action. I am fully familiar with the facts and circumstances stated herein.

2.   I submit this affirmation in support of Plaintiff-Petitioner's Petition for Leave to Appeal the District Court's Order decertifying the Class that had previously been certified in the above-captioned action.

3.   Junmin Jin and Chunyou Xie brought this action on behalf of themselves, and a collective and a class both consisting of all non-exempt, non-managerial employees of Joe's Shanghai restaurants located in Flushing, Chinatown, and Midtown Manhattan. *See* Dkt. No. 1 ¶¶ 63–72.

4.   Junmin Jin was a miscellaneous kitchen worker performing odd jobs—primarily but not exclusively cutting and washing vegetables—in the kitchen of Joe's Shanghai Flushing from September 10, 2014 through May 2, 2015. *See* Dkt. No. 190, at *4.

5.   Chunyou Xie was a cook who primarily prepared steamed dumplings in the kitchen of Joe's Shanghai Flushing from about November 15, 2014 through about January 31, 2016. *See* Dkt. No. 43-2, at ¶¶ 3, 5.

6.   Additionally, Haihua Zhai consented to join this action as a party plaintiff on February 9, 2017. *See* Dkt. No. 30. Haihua Zhai was a delivery person for Joe's Shanghai Midtown from about January 2014 through February 22, 2014. *See* Dkt. No. 43-3, at ¶¶ 3, 5.

7.   Plaintiffs moved for conditional certification of a collective under § 216(b) of the FLSA on April 7, 2017. *See* Dkt. No. 43. In support of their motion, Plaintiffs submitted, among other things, affidavits of Junmin Jin, Chunyou Xie, and Haihua Zhai. *See* Dkt. Nos. 41-1, 43-2, and 43-3. A collective was conditionally certified as to all non-exempt, non-managerial employees at Joe's

Shanghai Flushing and Joe's Shanghai Midtown, the locations where Junmin Jin, Chunyou Xie, and Haihua Zhai worked. Plaintiff sought to expand the collective to the Chinatown location following in the opt-in of Xin He, who had worked at all three locations as a cook at various times. *See* Dkt. Nos. 52, 53. However, that request was denied. *See* Dkt. No. 62. Additionally, Chunyou Xie was precluded from testifying for failure to participate in discovery. *See* Dkt. No. 76.

8.   Subsequently, Defendants moved for decertification of the collective and Plaintiffs moved for final certification of the collective and certification of a class. *See* Dkt. Nos. 94, 100. Ultimately, the District Court denied final certification of any collective, in part because it was certifying a class consisting of all the non-exempt, non-managerial employees at Joe's Shanghai Flushing. *See* Dkt. No. 115, at *15–16 ("Fairness and procedural considerations do not militate in favor of Xin He remaining in the putative collective action here either.… As Xin He is part of the NYLL class of Flushing employees that I am certifying under Rule 23—and the NYLL provides at least as much in damages as the FLSA—he may still recover any damages he is owed in that part of the action."). Notably, Xin He was the only member of the eventual class and the only worker at Joe's Shanghai Flushing who submitted an affidavit in support of class certification. *See* Dkt. Nos. 102, 102-10.

9.   The parties submitted a proposed joint pretrial order on October 26, 2018. *See* Dkt. No. 134. Because the class notice had not been distributed at that point, Plaintiffs included on their witness list each of the class members identified by Defendants, so as not to preemptively exclude as witnesses any class members who came forward after receiving the notice, and wanted to testify. The Joint Pretrial Order was accepted as compliant with the District Court's rules on October 29, 2019. *See* Dkt. No. 136.

10. Class counsel distributed opt-out notices to members of the putative class on October 29, 2018, with a deadline to opt out by December 28, 2018. *See* Dkt. No. 137. The class notice, among other things, urged class members to contact class counsel should they have any questions about the case. *See* Dkt. No. 127-1, at ¶ 21. However, no class plaintiff other than Xin He contacted class counsel prior to the trial.

11. On January 14, 2019, the District Court ordered the parties to supplement the Joint Pretrial Order with proposed conclusions of law. It did not at that time invite other changes to the Joint Pretrial Order. *See* Elec. Order of January 14, 2019. The parties submitted their revised joint pretrial order on January 22, 2019. *See* Dkt. No. 142.

12. Before the end of the opt-in period, class counsel received 27 opt-out notices from employees currently working at Joe's Shanghai Flushing. Only two of the opt-out notices had been notices received by class members; the others had been created by photocopying those opt-out notices (before they had been filled) with the unique identification numbers removed. These photocopies had been made and distributed to Joe's Shanghai Flushing employees by Joe's Shanghai Flushing manager Jian Jin Chen, with the approval of Defendants Yiu Fai Fong and Tun Yee Lam. Plaintiffs moved to depose Jian Jin Chen, Yiu Fai Fong, Tun Yee Lam, and the opt-outs on the issue of whether the opt-outs had been coerced; deposition of Jian Jin Chen, Yiu Fai Fong, Tun Yee Lam revealed no reasonable basis to believe there had been coercion. Accordingly, Plaintiffs did not pursue the matter further.

13. On June 14, 2019, the Court ordered the parties to brief the issue of whether Joe's Shanghai Flushing had in excess of $500,000.00 gross annual revenue, despite Defendants having admitted as much in their Answer. *See* Elec. Order of June 14, 2019; Dkt. No. 163. On June 25, 2019, following a telephone conference, the Court scheduled a trial date for July 15, 2019. The Court

had initially sought to schedule trial for July 8, and only reluctantly set the July 15, 2019 date when informed that Plaintiff's counsel had a preexisting trial scheduled for that date, that could not be adjourned. The Court refused to adjourn the July 15, 2019 date when informed, after the conference, that Plaintiff's counsel had another prior commitment on that date—namely, to take a series of depositions in Albany which were anticipated to last all week.[1] *See* Dkt. No. 171.

14. The Court then demanded further revisions to the parties' witness list to state with specificity the subject matter on which the witnesses would testify. Plaintiffs provided their revised witness list on July 1, 2019. *See* Dkt. No. 172. Plaintiffs would present Jianmin Jin and Xin He as witnesses for the class, and three other witnesses for the purpose of establishing that Kiu Sang Si, Joe's Shanghai Midtown, and Joe's Shanghai Downtown, were employers of Plaintiff Jianmin Jin and the Class. Jianmin Jin and Xin He were prepared to testify that they both received flat salaries without overtime (Jianmin Jin a weekly, and Xin He a monthly, salary), that all the kitchen workers received their pay at the same time as them, that some of the kitchen workers were paid in cash the same way they were, that all the kitchen workers worked the same hours as them, and that all the dining room workers worked about the same hours as them. *See id.* Similar testimony had led to the certification of the class in the first place.

15. However, *sua sponte*, on July 10, 2019, the District Court decertified the class, citing as a "significant intervening event" the presentation of two class witnesses, despite the same two witnesses being the only ones presented in favor of certifying the class in the first place. *See* Dkt. No. 181.

---

[1] Plaintiff's counsel was in Philadelphia to appear before the Eastern District of Pennsylvania the day of the telephone conference, did not have access to his calendar, and did not remember the July 15, 2019 commitment at that time.

16. Attached hereto is Plaintiff-Petitioner's Petition for Permission to Appeal the Order Decertifying the Class.

17. Plaintiff-Petitioner initially sought to appeal the aforesaid Order on July 10, 2019, by filing a notice of appeal to open an appellate matter (19-2170), and by filing the aforesaid petition to the docket in that matter using the Court's CM/ECF system on July 24, 2019, 14 days after both the order appealed from and the notice of appeal. This was in error—I should have simply submitted the petition for leave to appeal without opening a case—and I apologize to the Court.

18. Plaintiff-Petitioner was informed of this error on July 25, 2019, and took immediate steps to correct it, submitting a motion to withdraw the appeal 19-2170, and submitting this petition, both on July 25, 2019.

19. In light of the foregoing, I pray for the Court's leave to appeal the District Court's Order Decertifying the Class.

Dated: Flushing, NY
      July 25, 2019

                                Respectfully submitted,


                                /s/ John Troy
                                John Troy
                                41-25 Kissena Boulevard
                                Suite 119
                                Flushing, NY 11355
                                Tel: 718-762-1324
                                Fax: 718-762-1342
                                troylaw@troypllc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Jianmin Jin and Chunyou Xie,
on behalf of themselves and other similarly situated,

       Plaintiffs,

— against —

Shanghai Original, Inc.; East Brother Corp.; Always Good
Brothers, Inc.; Shanghai City Corp.; Shanghai Duplicate
Corp.; Kiu Sang Si a/k/a Joseph Si; Mimi Si; Yiu Fai Fong;
Tun Yee Lam; and Solomon C Liou,

       Defendants.

**16-cv-5633 (ARR) (JO)**

**Opinion & Order**

**Not for electronic or print publication**

---

ROSS, United States District Judge:

On April 2, 2018, I certified a class of workers employed by Joe's Shanghai restaurant in

Flushing, Queens. *See Jin v. Shanghai Original, Inc.*, 2018 WL 1597389 (E.D.N.Y. Apr. 2,

2018).[1] For the reasons outlined below, I find that the requirements of Rule 23 are no longer met,

and the class is therefore decertified.

## BACKGROUND

In my April 2, 2018 order, I granted plaintiffs' motion to certify a New York Labor Law

("NYLL") class of all non-managerial employees at Joe's Shanghai restaurant in Flushing,

Queens ("Flushing restaurant"). *See* 2018 WL 1597389, at *10–14. The overarching class claim

is that the Flushing restaurant had a practice of paying its employees an illegally low flat rate of

pay that did not account for minimum wage, overtime, or spread-of-hours requirements. *See id.*

at *11–12, *14. I certified the class under Federal Rules of Civil Procedure 23(a) and 23(b)(3).

*See id.* at *10–14. Subsequently, Judge Orenstein directed the parties to file a joint pretrial order

---

[1] For the purposes of this opinion, I assume familiarity with the background of this case.

("JPTO"). *See* May 3, 2018 Order. After a number of unsuccessful attempts,[2] Judge Orenstein determined that the parties had submitted a JPTO that "substantially complie[d]" with my individual practice requirements and issued an order closing discovery and deeming the case ready for trial. *See* Oct. 29, 2018 Order, ECF No. 136.

On January 14, 2019, I ordered the parties to supplement the JPTO with proposed conclusions of law. *See* January 14, 2019 Order. The parties submitted an updated JPTO on January 22, 2019. *See* JPTO, ECF No. 142. At approximately the same time, plaintiffs came forward with allegations that defendants had inappropriately contacted class members and interfered with the formation of the class. *See* ECF Nos. 140, 143–44. Plaintiffs sought leave to file a sealed motion for sanctions or to reopen discovery (*see id.*), which I denied (*see* Feb. 4, 2019 Order, ECF No. 146). I then set a briefing schedule for plaintiffs' unsealed motion, which I respectfully referred to Judge Orenstein. *See id.* On March 1, 2019, Judge Orenstein held a conference, at which he reopened discovery until May 10, 2019 so that plaintiffs' counsel could conduct dozens of depositions relating to defendants' alleged misconduct. *See* Mar. 1, 2019 Minute Entry, ECF No. 155; Joint Discovery Plan, ECF No. 160. During the May 10, 2019 conference, it came to light that "[o]ver a month ago, after conducting just a few depositions of the defendants' managers (and apparently none of the affected workers), and without notice to the court, the plaintiffs' counsel decided not to complete the remaining depositions or to prosecute their previously filed motion for sanctions and to annul class opt-outs." May 10, 2019 Minute Entry, ECF No. 160. Judge Orenstein noted that "[t]here [was] no motion before [him] as to whether, in these circumstances, the plaintiffs' counsel can properly advocate the interests of the class or whether the court should reconsider its decision to certify a class, which necessarily

---

[2] *See, e.g.*, May 22, 2018 Order; June 6, 2018 Minute Entry, ECF No. 120; October 17, 2018 Order; October 19, 2018 Order; October 24, 2018 Order.

2

rests on a finding, among others, that the class representatives and their counsel are adequate." *Id.* Following the conference, plaintiffs' motion for sanctions was withdrawn (*see* May 10, 2019 Order), and the case returned to me for trial.

After carefully reviewing that parties' JPTO and proposed exhibits, I held a pretrial phone conference. *See* June 25, 2019 Minute Entry, ECF No. 168. I scheduled the trial for July 15, 2019[3] and requested additional information from the parties, including an updated class list and revised witness lists with details regarding each witness's anticipated testimony. *See id.*[4] Plaintiffs' revised list, which included 34 witnesses, did not comply with my order in that it failed to provide adequate details. *See* Pls.' Revised Witness List I, ECF No. 169. I thus directed plaintiffs to file "a complete witness list with detailed and specific descriptions of anticipated testimony for all witnesses, who must be available for in-person testimony." June 28, 2019 Order. In response, plaintiffs submitted a second revised witness list. *See* Pls.' Revised Witness List II, ECF No. 172. The second revised witness list reveals that plaintiffs' counsel plans to call four witnesses, only two of whom are members of the class. *See id.* at 1–5; *see also* Letter re Class Membership, ECF No. 175; Letter re Jin's Class Membership, ECF No. 177. The two witnesses who are not members of the class—Hai Hua Zhai and Baofu Yan—were never even

---

[3] Because of the individualized nature of each plaintiffs' damages, I determined that the trial would be bifurcated into liability and damages. *See, e.g.*, July 1, 2019 Order; *see also* 11 Newberg on Class Actions § 11:8 (5th ed. 2018) ("The most common form of trial bifurcation in class action lawsuits is the separation of liability and damages.").

[4] In the JPTO, plaintiffs stated that 73 class plaintiffs would testify at trial regarding the Flushing restaurant's employment and recordkeeping practices, as well as to employee hours and wages. *See* JPTO 5–20, ¶¶ 1–73. Because defendants concede that their "cash payroll records, time card records and most notices of pay rate for the period prior to November 2016 were lost" (JPTO 28, ¶ 17), substantial testimony is critical to plaintiffs' class claim that the Flushing restaurant had a practice of paying employees a flat wage regardless of NYLL requirements. *See, e.g.*, *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) ("[I]f an employer's records are inaccurate or inadequate, an employee need only present sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference. . . . It is well settled among the district courts of this Circuit . . . that it is possible for a plaintiff to meet this burden through estimates based on his own recollection." (internal quotation marks and citations omitted)). From the JPTO, it appeared that plaintiffs understood the importance of witness testimony; however, because the description of each witness's testimony was the same, I requested additional details from plaintiffs' counsel.

employed by the Flushing Restaurant. *See* Pls.' Revised Witness List II 4–5; *see also* Defs.'

Objection Letter, ECF No. 180 (objecting to the testimony of Zhai and Yan on the grounds that

they were not disclosed as witnesses in the JPTO, never worked at the Flushing restaurant, and

do not appear to be providing relevant testimony). In fact, Yan's anticipated testimony appears to

undermine plaintiffs' class claim, as it states that he was paid an hourly wage—not a flat wage—

in 2016. *See* Pls.' Revised Witness List II 5. While plaintiffs' witness list includes 24 "adverse"

witnesses, plaintiffs provide no details as to their anticipated testimony. *See id.* at 5–8.[5] Finally,

on July 3, 2019, the parties jointly submitted a final class list, which includes 38 class members

and clarifies that two individuals were paid by check only, two were paid by cash only, and the

rest were paid by a combination of cash and check. *See* Final Class List, ECF No. 179.[6]

# DISCUSSION

An order granting class certification "may be altered or amended before final judgment."

Fed. R. Civ. P. 23(c)(1)(C). A district court may decertify a class, either on motion or *sua sponte*,

if at any point "it appears that the requirements of Rule 23 are not in fact met." *Doe v. Karadzic*,

192 F.R.D. 133, 136 (S.D.N.Y. 2000) (quoting *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566,

572 (2d Cir. 1982)); *see also Selby v. Principal Mut. Life. Ins. Co.*, No. 98 CIV. 5283(RLC),

2000 WL 1863760, at *6 (S.D.N.Y. Dec. 20, 2000) ("Certainly, a court's authority to certify or

modify a class *sua sponte* is indisputable."); 7 Newberg on Class Actions § 3:52 (5th ed. 2018)

("So important is a court's oversight that the court need not await a party's motion but can revisit

certification on its own initiative."). A court, however, "may not disturb its prior [certification]

---

[5] Further, it appears that defendants are only planning to call seven of these adverse witnesses, none of whom are non-managerial employees from the Flushing restaurant. *See* Defs.' Witness List, ECF No. 173. Thus, the court has serious doubts that the remaining 17 adverse witnesses will testify at all, let alone testify favorably for plaintiffs.

[6] Because I am decertifying the class on inadequacy of representation grounds, I do not make a determination as to whether the class continues to meet Rule 23(a)(1)'s numerosity requirement. *See Jin*, 2018 WL 1597389, at *11 (noting that prospective classes of twenty to forty members fall in a "gray area" and certifying the class based on the finding that "it is almost certain that there have been over 40 workers in the past six years").

findings absent some significant intervening event, or a showing of compelling reasons to reexamine the question." *Jermyn v. Best Buy Stores, L.P.*, 276 F.R.D. 167, 169 (S.D.N.Y. 2011) (internal quotation marks omitted) (quoting *Doe*, 192 F.R.D. at 136–37).

Under Federal Rule of Civil Procedure 23(a)(4), a class can only be maintained if "the representative parties will fairly and adequately protect the interests of the class." The "representative parties" have long been understood to include both the class representatives and class counsel. *See* Newberg § 3:52; *see also Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 164 (S.D.N.Y. 2017). In 2003, Congress enacted Rule 23(g), which explicitly requires that "[c]lass counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). The adequacy factors listed in Rule 23(g) "mirror those that courts had developed" in applying Rule 23(a)(4) to counsel's adequacy. Newberg § 3:80. Thus, "[w]hile the move of the analysis of counsel's adequacy from Rule 23(a)(4) to Rule 23(g) may . . . seem more stylistic than substantive, it is a step towards the fuller acknowledgement that it is class counsel, not the class representatives, who are truly litigating the class's claims." *Id.*; *see also In re American Exp. Anti-Steering Rules Antitrust Litig.*, Nos. 11–MD–2221 (NGG)(RER), 13–CV– 7355 (NGG)(RER), 2015 WL 4645240, at *12 (E.D.N.Y. Aug. 4, 2015) ("Indeed, class counsel's integrity, loyalty, and adequacy generally are perhaps even more important than the adequacy of class plaintiffs, as '[e]xperience teaches that it is counsel for the class representative and not the named parties, who direct and manage these actions.'" (quoting *Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 832 n.9 (3d Cir. 1973))).

A court may decertify a class on inadequate representation grounds if "class counsel fails to 'competently, responsibly, and vigorously prosecute the suit.'" Newberg § 7:38 (quoting *Sheinberg v. Sorensen*, Civil Action No. 00–6041 (JLL), 2007 WL 496872, *3 (D.N.J. Feb. 8,

2007))). In fact, given the critical role that counsel plays in a class action, "the court remains under a continuing duty to monitor the adequacy of representation to ensure that class counsel provides zealous, competent representation through the proceedings." *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1112 (10th Cir. 2001); *see also Doe*, 192 F.R.D. at 136 (noting that because an order certifying a class is "conditional," courts have an obligation "to reassess their class rulings as the case develops" (quoting *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999))).

Here, I find that class counsel is no longer providing "zealous, competent representation." *In re Integra Realty Resources, Inc.*, 262 F.3d at 1112. While there have been numerous red flags over the past few months, including counsel's failure to adequately respond to the court's orders and apparent attempts to delay trial,[7] the "significant intervening event" (*Jermyn*, 276 F.R.D. at 169) triggering decertification is counsel's disclosure that he plans to call only two class members as witnesses at trial. As discussed above, substantial testimony by the Flushing restaurant's non-managerial staff is crucial to the plaintiffs' case, as the crux of the class claim involves the restaurant's payment policy, the restaurant's cash payment records prior to the filing of the lawsuit are missing, and all class members except two were paid at least partially in cash. Put simply, by calling only two relevant witnesses, counsel is failing to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). While decertification late in the litigation process is generally disfavored, the reason is that late decertification can "prejudice

---

[7] Counsel made two last-minute, unsuccessful attempts to delay the May 10, 2019 status conference before Judge Orenstein. *See* Mot. Adjourn, ECF No. 157; May 9, 2019 Order denying Mot. Adjourn; Second Mot. Adjourn, ECF No. 159; May 9, 2019 Order denying Second Mot. Adjourn. This was the conference where counsel revealed that despite knowing for over a month that plaintiffs were not going to pursue their motion for sanctions, counsel made no attempt to notify the court. *See* May 10, 2019 Minute Entry (calling into doubt whether plaintiffs' counsel was providing adequate representation). Further, shortly after agreeing to a trial date of July 15, plaintiffs' counsel submitted a request to adjourn the trial until August based on various scheduling conflicts. *See* Mot. Adjourn Trial, ECF No. 171; *see also* July 1, 2019 Order (denying plaintiffs' motion to adjourn the trial).

class members, who may be unable to protect their own interests." *Doe*, 192 F.R.D. at 137

(quoting *Langley v. Coughlin*, 715 F. Supp. 522, 552 (S.D.N.Y. 1989)). In the instant case, the

prejudice from late-stage decertification must be balanced against the prejudice class members

face from inadequate representation. Because I conclude that the prejudice from inadequate

representation is greater, I find that decertification is proper.

## CONCLUSION

For the reasons stated in this opinion, the class of Flushing restaurant employees is

decertified due to inadequacy of representation. Plaintiffs' counsel is ordered to provide notice of

decertification to all class members. The notice should explain their rights to pursue their

individual claims and the fact that the statute of limitations is no longer tolled.[8] Plaintiffs'

counsel is directed to submit a proposed decertification notice to the court by July 19, 2019. The

trial on behalf of named plaintiff Jianmin Jin is still scheduled for Monday, July 15, at 9:30am in

Courtroom 8C. The parties are directed to review this order and call Chambers at 10:30am on

July 11, 2019 for a pre-trial phone conference.


SO ORDERED.

                                          _____/s/_____
                                          Allyne R. Ross
                                          United States District Judge

Dated:     July 10, 2019
               Brooklyn, New York

---

[8] *See* Newberg § 7:40 ("The reason that class members should learn of decertification is that they might be prejudiced if they do not. Specifically, the filing of a class action tolls the statute of limitations on the putative class members' individual claims, but decertification of the class starts the clock again. Class members who received notice that a class had been certified may not pursue their individual claims in reliance thereon, but if they do not receive notice of decertification, they have no way of knowing that the clock has restarted on their claims.").

**Certificate of Service**

I, John Troy, an attorney duly admitted in the State of New York and in this court, hereby certify:

I have today served the Plaintiffs-Petitioners' Petition for Permission to Appeal Order Decertifying Class action, and the supporting Attorney's Affirmation on Defendants-Petitioners by causing a copy to be sent via electronic mail to their attorney of record at the email address below:

dh@fwatty.com

David Horowitz, Esq.

254 Canal Street, Suite 2002
New York, New York 10013
Tel: 212-966-6668
Email: dh@fwatty.com

Dated: Flushing, New York
July 26, 2019

Troy Law, PLLC

/s/ John Troy
John Troy
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com
*Attorney for Plaintiff*