UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JIANMIN JIN                                                                REPORT AND
                              Plaintiff,                    RECOMMENDATION
              - against -
SHANGHAI ORIGINAL, INC. et al.,                           16-CV-5633 (ARR) (JO)
                              Defendants.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

       Plaintiff Jianmin Jin ("Jin") is one several plaintiffs who accused multiple defendants of violating their rights under federal and state wage laws. *See* Docket Entry ("DE") 1 ("Complaint"); 29 U.S.C. § 201, *et seq.* ("FLSA"); NYLL §§ 190, 650, *et seq.* ("NYLL"). The court dismissed the claims of some of the plaintiffs before trial. *See* DE 115; DE 181. Jin and co-plaintiff Chunyou Xie ("Xie") proceeded to a bench trial, after which the court awarded Jin judgment in the amount of $35,880.30 against defendants East Brother Corp., Tun Yee Lam, and Yiu Fai Fong jointly and severally and dismissed the remainder of Jin's claims as well as all of Xie's claims against all defendants. *See* DE 190 (Opinion and Order); DE 191 (Judgment). Jin now seeks an award of attorneys' fees and costs. *See* DE 196. Upon referral from the Honorable Allyne R. Ross, United States District Judge, I now make this report and, for the reasons set forth below, respectfully recommend that the court award Jin $57,818.55 in reasonable attorneys' fees and $5,155.64 in costs, for a total award of $62,974.19.

I.      <u>Background</u>

       On October 7, 2016, Jin filed a complaint on behalf of himself and a putative class accusing an array of defendants of failing to pay him and other non-managerial workers at three restaurants in Queens and Manhattan the wages due under the FLSA and NYLL and also of committing related

statutory violations. *See* Complaint; DE 1-7.[1] Over the next two years, Jin made three attempts to certify a collective action as to all three restaurants, which he claimed constituted a single enterprise for purposes of the applicable wage laws. *See* DE 44; DE 45; DE 53; DE 62; DE 64; DE 71; DE 76; DE 100; *see also* DE 115 (Opinion and Order). In a ruling on April 2, 2018, the court rejected Jin's argument that the three locations formed a single cognizable enterprise, but it did certify a class, to be represented by Jin's counsel, of non-managerial employees at the location in Flushing, Queens where Jin had worked ("the Flushing Class"). DE 115.

Nearly six months later, on October 29, 2018, I certified that discovery was complete and the case ready to proceed to trial. *See* DE 136. Shortly before the trial date, however, Jin moved to reopen discovery and sanction the defendants based on allegations that they had inappropriately contacted class members and interfered with the formation of the class. *See* DE 140; DE 146; DE 147. I reopened discovery on March 1, 2019, and set a deadline of May 10, 2019 for Jin's counsel to complete depositions and otherwise investigate the defendants' alleged misconduct. *See* DE 155; DE 156; Order dated March 10, 2019. At the end of that supplemental discovery period, Jin's counsel reported (after repeatedly trying without success to put off doing so) that he had done little of the investigative work he had previously described as necessary: instead, after deposing a few of the defendants' managers (and apparently none of the affected workers), counsel had decided to abandon the remaining depositions and the previously filed motion for sanctions. *See* DE 157; DE 159; DE 160; Orders dated May 8, 9, & 10, 2019.

The failure by Jin's counsel to adequately investigate and prosecute the motion for sanctions raised concerns about his adequacy to represent the certified class. *See* DE 160. Later developments exacerbated those concerns. For example, after agreeing to a trial date of July 15, 2020, Jin's counsel

---

[1] Xie made similar allegations that I ignore for ease of reference because he has no pending claim.

sought an adjournment because of scheduling conflicts. *See* DE 171; Order dated July 1, 2019. He also failed – twice – to provide a witness list that conformed to the court's requirements. *See* DE 168; DE 169; Order dated June 28, 2019 (regarding plaintiffs' proposed witness list); DE 172. When he finally did provide such a list, he belatedly revealed a plan to call just four witnesses, only two of whom were members of the Flushing Class. *See* DE 175; DE 177. These and other lapses ultimately prompted the court to enter an order *sua sponte* decertifying the Flushing Class on the basis of inadequate representation. *See* DE 181. As a result, only Jin's FLSA and NYLL claims proceeded to trial. Jin proved his federal and state law wage claims against only three of the defendants: East Brother Corp., Tun Yee Lam, and Yiu Fai Fong. *See* DE 190. The court entered judgment against those defendants jointly and severally in the amount of $35,880.30 (consisting of $11,184.23 in unpaid overtime compensation; the same amount in liquidated damages; $8,945 in statutory notice damages; and $4,566.84 in prejudgment interest) plus post-judgment interest. *See* DE 191; *see also* 28 U.S.C. § 1961.

Jin now seeks an award of $211,074.83 in attorneys' fees and $7,725.43 in costs. The defendants oppose the request. *See* DE 196 (motion); DE 197 (supporting declaration of Jin's counsel) ("Troy Decl."); DE 198 (supporting memorandum) ("Memo"); DE 200 (opposing declaration of defendants' counsel) ("Horowitz Decl."); DE 201 (reply memorandum) ("Reply"). The court referred the motion to me by order dated September 5, 2019. *See* DE 199.

II.     Discussion

   A.     Timeliness

As a threshold matter, the defendants contend that the court should deny the request because it is untimely. *See* Horowitz Decl., ¶¶ 4-6; Fed. R. Civ. P. 54(d)(2)(B)(1). I respectfully disagree, as explained below.

Jin's fee application was due "no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B); *see also* Loc. Civ. R. 54.1(7) (specifying that a motion for attorney's fees and related costs "shall be made within the time period prescribed by Fed. R. Civ. P. 54" rather than the longer period prescribed for an application for other taxable costs). The court entered final judgment on July 19, 2019. DE 191.[2] As a result, Jin's fee application was due by August 2, 2019, and the instant request, filed on September 3, 2019, was therefore untimely.

The fact that the motion was untimely does not resolve the matter, however, as the court has discretion to extend the otherwise applicable deadline if it finds excusable neglect. *See* Fed. R. Civ. P. 6(b)(1), 54(d)(2)(B); *Tancredi*, 378 F.3d at 227. In considering whether to excuse Jin's lateness on that basis, the court should consider the potential prejudice to the defendants, the length of the delay and its impact on the proceedings, the reason for the delay, and whether Jin acted in good faith. *See Whelan*, 2016 WL 807373, at *4 (citing *Tancredi*, 378 F.3d at 227 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Most of those factors favor Jin: although his counsel's excuses – particularly considered against the backdrop of the lapses in representation that led the court to decertify the Flushing Class – do not establish good cause for the delay, *see* Reply at 2-4, the delay was relatively brief and appears to have caused the defendants no cognizable prejudice. I therefore respectfully recommend that the court excuse the delay and resolve the motion on the merits.

---

[2] Jin's argument to the contrary notwithstanding, the judgment was final for purposes of Rule 54 because no party filed a timely motion under Rules 50(b), 59(a), or 59(e) of the Federal Rules of Civil Procedure that would suffice to render it otherwise. *See Weyant v. Okst*, 198 F.3d 311, 315 (2nd Cir. 1999). Moreover, the pendency of Jin's appeal of the court's order decertifying the Flushing Class did not toll the otherwise applicable deadline. *See e.g. Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 226 (2d. Cir. 2004); *Whelan v. Pascale*, 2016 WL 807373, at *3 (E.D.N.Y. Mar. 2, 2016).

B.     Attorneys' Fees

Having prevailed on his FLSA and NYLL claims, Jin is entitled to an award of reasonable attorneys' fees and costs, and he bears the burden of establishing the reasonableness of his request. *See* 29 U.S.C. § 216(b); NYLL § 663(1); *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 309 (E.D.N.Y. 2015) (citations omitted). Courts in this circuit assess fee applications using the "lodestar method" which determines the "presumptively reasonable fee" by multiplying the reasonable hourly rate with the reasonable number expended hours for a case. *See e.g. Kindle v. Dejana*, 308 F. Supp. 3d 698, 703 (E.D.N.Y. 2018).[3] District courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich,* 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir. 1992)); *see also Lilly*, 934 F.3d at 234 ("[W]e afford district courts broad discretion in awarding attorneys' fees because they are much closer to the details of each individual case and can better determine what is reasonable and appropriate in the fee calculus for the particular case.").

The court may not, as the defendants suggest it should, cap the fee award at one-third of the damages award. *See* Horowitz Decl. at 2-3;[4] *Millea*, 658 F.3d at 169 ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery.") (emphasis in original). Instead, the court must consider the components of a reasonable lodestar amount.

---

[3] I use the term "lodestar" only for ease of reference. *See Lilly v. City of New York*, 934 F.3d 222, 227-231 (2d Cir. 2019) (reaffirming the lodestar method as the long-standing approach to calculating attorney's fees in the Second Circuit and as endorsed by the Supreme Court); *see also Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011) (describing the lodestar as producing a "presumptively reasonable fee" and noting that failure to calculate it as a starting point in determining a fee award is "legal error").

[4] I cite the declaration by page rather than paragraph number because the declarant has used duplicative paragraph numbers.

1. <u>Hourly Rate</u>

A reasonable hourly rate is the minimum rate a client would be willing to pay to litigate the case effectively, taking into account the prevailing rates in this district for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See e.g.*, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany*, 522 F. 3d 182, 190 (2d Cir. 2008); *Jin Li v. W. Metal Work & Supply, Inc.*, 2019 WL 246275, at *7 (E.D.N.Y. Feb. 27, 2019). Courts in this district typically award fees in comparable cases using the following hourly rates: $300-$400 for partners, $200-$325 for senior associates, $100-$150 for junior associates, and $70-$100 for non-attorney professionals. *See Alvarez v. Sterling Portfolio Investment, LP*, 2017 WL 8790990, at * 8 (E.D.N.Y. Dec. 13, 2017) (collecting cases).

Notwithstanding the prevailing practice in this district, Jin seeks to compensate his attorneys at the following hourly rates: $550 for John Troy ("Troy"), $350 for each of Kibum "George" Byun ("Byun") and Aaron Schweitzer ("Schweitzer"), $250 for each of Luis Flores ("Flores") and Andrew Dellaripa ("Dellaripa"), and $150 for each of Karyn Beck ("Beck"), Preethi Kilaru ("Kilaru"), and Maggie Huang ("Huang"). *See* Memo at 6-9; Troy Decl. ¶¶ 27, 39, 43, 49-56, 58. Such rates greatly exceed not only those approved in comparable cases, but also the rates judges of this court have repeatedly deemed reasonable for the specific attorneys who now seek compensation. *See, e.g.*, *Xie v. Sakura Kai I Inc.*, No. 17-CV-7509 (ILG) (JO), DE 65 at 3-4 (E.D.N.Y. Mar. 12, 2020) (report and recommendation), *adopted*, 2020 WL 2569406 (E.D.N.Y. May 20, 2020); *Singh v. A & A Mkt. Plaza, Inc.*, 2019 WL 4861882, at *9 (E.D.N.Y. Sept. 30, 2019); *Xin Long Lin v. New Fresca Tortillas, Inc.*, 2019 WL 3716199, at *9 (E.D.N.Y. May 1, 2019) (report and recommendation), *adopted*, 2019 WL 3714600 (E.D.N.Y. May 28, 2019); *Ye Hong v. 7 Express Rest. Corp.*, 2019 WL 2261091, at *8 (E.D.N.Y. Mar. 14, 2019) (report and recommendation), *adopted as modified*, 2019 WL 1429584 (E.D.N.Y. Mar. 29, 2019); *Suarez Castaneda v. F&R Cleaning Servs. Corp.*, 2019 WL 5694118, at *15

(E.D.N.Y. Mar. 15, 2019) (report and recommendation), *adopted*, 2019 WL 5693768 (E.D.N.Y. July 8, 2019); *Jin Li*, 2019 WL 2436275, at *7.

Moreover, in submitting Jin's fee application, Troy improperly ignores not only the many cases that have rejected his persistent requests for excessive hourly rates, but also the decisions that have faulted him for relying on and distorting (as he again does here) inapposite authority from outside this jurisdiction. *See Xie*, No. 17-CV-7509 (ILG) (JO), ECF 65, at 4 (criticizing Troy for same reason); *Singh*, 2019 WL 4861882, at *8 n.3 (same). As an alternative – for now – to referring Jin's counsel to the court's Committee on Grievances for investigation of a potential ethical violation, I respectfully recommend that if the court adopts this report and recommendation in pertinent part, it order each of the attorneys representing Jin to file a copy of this report and of the court's order on the docket of any future case in which the attorney's client seeks an award of fees for the attorney's work. *See* N.Y. Rules of Prof'l Conduct 3.3(a)(2) ("A lawyer shall not knowingly … fail to disclose to the tribunal controlling legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel"), 22 N.Y.C. R.R. § 1200; Loc. Civ. R. 1.5(b)(5) (providing for imposition of disciplinary sanctions on an attorney whose conduct is violative of New York's professional responsibility rules).[5]

Consistent with recent decisions involving Jin's attorneys and their supporting staff members, I respectfully recommend that the court base its award on the following hourly rates: $375

---

[5] I do not suggest that the many instances in which judges of this court have rejected Troy's claimed hourly rates constitute controlling legal authority that Troy improperly fails to cite. Because such decisions are persuasive but not controlling, Troy's resistance to acknowledging such decisions imposes needless burdens on the judges of this court in case after case, but it is not necessarily unethical. Rather, it is Troy's persistence in ignoring the Second Circuit's repeated articulations of the "forum rule" (under which the court applies hourly rates employed in the district in which the court sits to determine a presumptively reasonable fee) that implicates the duty of candor to the tribunal. *See, e.g., Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)); *Konits v. Karahalis*, 409 F. App'x 418, 422 (2d Cir. 2011) (same).

7

for Troy, $150 for Byun, Schweitzer, and Flores, $100 for Dellaripa and Beck, and $75 for Kilaru and Huang.

2. Hours Reasonably Expended

Jin seeks to compensate his attorneys for 689.58 hours of work, as summarized below.

| Professional | Claimed hours |
|---|---:|
| Troy | 72.44 |
| Byun | 181.42 |
| Schweitzer | 200.77 |
| Flores | 4.25 |
| Dellaripa | 18.00 |
| Beck | 82.22 |
| Kilaru | 33.11 |
| Huang | 97.37 |
| TOTAL | 689.58 |

*See* Troy Decl. ¶ 58. As set forth below, I recommend that the court reduce these hours significantly.

"A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours, and the dates." *Fundora v. 87-10 51st Ave. Owners Corp.*, 2015 WL 729736, at *1 (E.D.N.Y. Feb. 19, 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983)). "Descriptions of work recollected in tranquility days or weeks later will not do…. The records must be specific and detailed. Even if made contemporaneously, an entry 'Engaged on Jones case – 8 hours' will not do." *Gortat v. Capala Bros*, 2014 WL 3818614, at *5 (E.D.N.Y. Aug. 4, 2014) (internal quotation marks omitted). In determining the number of hours for which fees should be awarded, the court should not compensate counsel for hours that are "excessive, redundant, or otherwise unnecessary." *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citing *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)); *Bliven v. Hunt,* 579 F.3d 204, 213 (2d Cir. 2009).

8

The defendants argue that the court should not award any fees for Jin's counsel's work relating to the certification of a class that the court ultimately decertified because of counsel's inadequate representation. *See* Horowitz Decl. ¶ 12; *see also Farrar v. Hobby,* 506 U.S. 103, 114 (1992) ("We have already observed that if 'a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.'") (citing *Hensley* 461 U.S. at 436). While that argument has merit, the defendants' argument for denying fees on a wider scale does not.

The court would have no reason to deprive Jin of reimbursement for some of his counsel's efforts simply because some of them failed. Thus, I respectfully recommend that the court reject the defendants' argument to deem non-compensable the time Jin's counsel spent seeking certification of a class that included the defendants' employees at other restaurants who were not within the Flushing Class. *See* Horowitz Decl. ¶ 11. Those efforts failed on the merits, rather than because of counsel's inadequacy, and are therefore properly compensable. For the same reason, the court should reject the defendants' request to reduce the fee award based on Jin's failure to prevail against some defendants or because Xie did not prevail on any claims. *See* Horowitz Decl. ¶¶ 13-15. Despite the overall mixed result, Jin achieved success on his FLSA and NYLL claims. Moreover, as set forth below, I recommend significant reductions in the fee award for other reasons. *See Stanczyk v. City of New York*, 752 F.3d 273, 284-85 (2d Cir. 2014) (*citing Hensley*, 461 U.S. at 434-35); *see also Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151-52 (2d Cir. 2008).

But while the defendants cannot avoid reimbursing Jin's legal fees on the ground that some of the Complaint's claims proved unsuccessful, they should not have to subsidize litigation that Jin effectively abandoned midstream. Thus, for example, if Jin's counsel had assiduously investigated and prosecuted the motion for sanctions based on an allegation that the defendants interfered with the formation of a class, I would recommend reasonable compensation for that work regardless of

9

the outcome. But if Jin was unwilling to have his attorneys see the matter through to resolution, it would compound the injury to the defendants to make them bear not only their own expenses arising from Jin's abortive efforts, but also their adversary's. I therefore respectfully recommend that the court decline to reimburse Jin for counsel's work relating to the sanctions motion and, for similar reasons, the time counsel spent on attempts to delay trial for the Flushing Class a second time, for time spent revising a witness list that ultimately included only two members of the Flushing Class, and for time spent after this court decertified the Flushing Class to send decertification notices and appeal the decertification order. *See* Horowitz Decl. ¶¶ 12, 31. Accordingly, as summarized in the Addendum to this report, I respectfully recommend that the court deem the following hours non-compensable: 48.37 hours attributed to Schweitzer, 7.5 hours attributed to Beck, 3.26 hours attributed to Kilaru, and 4.33 hours attributed to Huang.

Excluding those hours leaves a remainder of 626.12 billed hours that include inefficiencies, redundancies, and over-billing that justify further reduction. As the defendants correctly observe, Jin seeks compensation for five attorneys and three non-attorneys who often billed for identical or duplicative tasks. *See* Horowitz Decl. ¶¶ 23, 27; DE 197-1 ("Billing Records"); *see also Reiter v. Maxi-Aids, Inc.*, 2019 WL 1641306, at *5 (E.D.N.Y. Apr. 16, 2019) (collecting cases where overstaffing led to a reduction due to redundant or duplicative work performed).

Jin's attorneys also billed an unreasonably high number of hours for relatively straightforward tasks, or tasks that could have been performed by support staff. *See* Horowitz Decl. ¶¶ 24-28; Billing Records; *see, e.g., Jemine v. Dennis*, 901 F. Supp. 2d 365, 393 (E.D.N.Y. 2012) (reducing requested fees by ten percent because the "quality and complexity of the submissions and calculations" did not reflect the hours expended); *Struthers v. City of New York*, 2013 WL 5407221, at *8-9 (E.D.N.Y. Sept. 25, 2013) (reducing fees because the fees requested for responding to motion papers were "excessive"); *Ehrlich v. Royal Oak Fin. Servs.*, 2012 WL 5438942, at *3-4 (E.D.N.Y. Nov.

10

7, 2012) (reducing attorneys' fees because the attorney's litigation of the suit made apparent his "lack of experience" and for duplicative entries); *Singh*, 2019 WL 4861882, at \*10 ("Where counsel seeks compensation for time spent completing administrative tasks or work that should have been accomplished by a less-skilled practitioner, '[u]niform percentage cutbacks are warranted.'") (collecting cases).[6]

In addition, Jin's counsel improperly billed for matters that had nothing to do with this case, for drafting an amended complaint that the court never authorized, and for services relating to publication of notice to the class that the parties never disseminated. *See* Horowitz Decl. ¶ 28; Billing Records. They further acted unreasonably by billing for travel time at the full hourly rate rather than at the discounted rate this court typically approves for travel. *See Pennacchio v. Powers*, 2011 WL 2945825, at \*1 (E.D.N.Y. July 21, 2011) (citing *Barfield*, 537 F.3d at 151). Finally, Jin's counsel billed for several tasks with descriptions that are so vague as to make it impossible to assess whether the amounts claimed are reasonable. *See* Horowitz Decl. ¶¶ 26-28; Billing Records; *see also Reiter*, WL 1641306, at \*5 (noting that courts routinely apply reductions "'as high as 40% based solely on vague billing entries.'") (citing *Anderson v. Cty. of Suffolk*, 2016 WL 1444594, at \*6 (E.D.N.Y. Apr. 11, 2016) (collecting cases)).

"One acceptable method for 'trimming the fat' from a fee application, and one that consumes fewer judicial resources than a painstaking review of each time-entry, is for the court to impose an 'across-the-board percentage' cut of the total amount of time claimed." *Fundora,* 2015 WL

---

[6] For example, on September 29, 2016, Troy billed five hours to draft a standard FLSA complaint and another 4.5 hours to complete "Research: Search Corp & Biz Entity Database." Troy also billed two hours on August 21, 2017 to "File Consent to Become Party" for just four opt-in plaintiffs. On January 12, 2017, Byun, likewise, billed nearly seven hours to draft a standard motion for entry of default, and on March 12 and 13, 2017 he billed six hours to prepare for an "IPTC," attend an "IPTC" write a "Post IPTC Memo." On July 15, 2017 Byun billed 1.5 hours to schedule stenographer and an interpreter. On August 27, 2017, Schweitzer, similarly billed six hours to draft standard discovery requests. *See* Billing Records.

729736, at *2 (quoting *In re "Agent Orange" Prods. Liab. Litig.*, 818 F. 2d 226, 237-38 (2d Cir. 1987)). Because Jin's counsel's billing records are unreasonable in so many ways, I respectfully recommend that, after excluding time billed for work relating to the Flushing Class, the court reduce all remaining hours by forty percent. As a result, I respectfully recommend an award of attorneys' fees in the total amount of $57,818.55 as summarized in the following chart:

| Professional | Hours Rate | | Hours Worked | | | Adjusted Fee |
|---|---|---|---|---|---|---|
| | Claimed | Adjusted | Claimed | After exclusion | Remainder reduced 40% | |
| Troy | $550 | $375 | 72.44 | 72.44 | 43.46 | $16,299.00 |
| Byun | $350 | $150 | 181.42 | 181.42 | 108.85 | $16,327.80 |
| Schweitzer | $350 | $150 | 200.77 | 152.40 | 91.44 | $13,716.00 |
| Flores | $250 | $150 | 4.25 | 4.25 | 2.55 | $382.50 |
| Dellaripa | $250 | $100 | 18.00 | 18.00 | 10.80 | $1,080.00 |
| Beck | $150 | $100 | 82.22 | 74.72 | 44.83 | $4,483.20 |
| Kilaru | $150 | $75 | 33.11 | 29.85 | 17.91 | $1,343.25 |
| Huang | $150 | $75 | 97.37 | 93.04 | 55.82 | $4,186.80 |
| TOTAL | | | 689.58 | 626.12 | 375.67 | $57,818.55 |

C. <u>Costs</u>

Jin seeks the reimbursement of $7,725.43 in costs for which he has submitted adequate documentation. *See* DE 197-1. However, for the same reasons that the court should decline to reimburse Jin's counsel for the time spent on inadequately litigating issues relating to the Flushing Class, it should likewise decline to order the defendants to subsidize the costs associated with that aspect of the case. As detailed in the Addendum, those costs total $2,569.79. Excluding that amount leaves a total of $5,155.64 in costs that the court should award.

III. <u>Recommendation</u>

For the reasons set forth above, I respectfully recommend that the court enter an order awarding the plaintiff $57,818.55 reasonable attorneys' fees and $5,155.64 in costs, for a total award of $62,974.19.

IV.     Objections

Any objections to this Report and Recommendation are due by July 13, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile*, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
       June 29, 2020

                                                    /s/
                                            James Orenstein
                                            U.S. Magistrate Judge

13

ADDENDUM

| EXCLUDED HOURS – SCHWEITZER |||
|---|---|---|
| Date | Description | Hours |
| 01-17-19 | review returned class notices for irregularities, draft letter to court | 2.00 |
| 01-18-19 | review returned class notices for irregularities, edit letter to court | 0.75 |
| 01-18-19 | email OC re class notices | 0.17 |
| 01-18-19 | review returned class notices for irregularities, edit letter to court, research how to file under seal, file | 3.60 |
| 02-22-19 | reply Def oppo motion to reopen discovery and for sanctions | 1.83 |
| 03-01-19 | status conference + travel to and from | 2.50 |
| 03-06-19 | meet & confer + travel to | 1.83 |
| 03-06-19 | draft meeting memo | 0.17 |
| 03-06-19 | meet & confer + travel to | 1.83 |
| 03-08-19 | draft joint letter to court re supplemental discovery plan | 0.75 |
| 03-11-19 | review court order re discovery plan, data entry | 0.25 |
| 03-13-19 | data entry re opt out employees | 0.50 |
| 03-19-19 | prepare notices of depo to managers, and prepare subpoena to optout employees | 0.67 |
| 03-20-19 | email oc re deposition for opt out employees | 0.10 |
| 03-28-19 | depose mgrs Shi, Chen re: class tampering | 5.50 |
| 04-02-19 | depose Tun Yee Lam re: class tampering | 1.75 |
| 05-08-19 | 2d Motion to adjourn conference | 1.75 |
| 05-10-19 | status conf + travel to and from | 2.50 |
| 06-28-19 | Ecf letter to Court to Adjourn the Trial | 0.20 |
| 06-28-19 | Draft letter to Adjourn the Trial | 0.25 |
| 06-30-19 | interview witnesses, revise witness list | 10.00 |
| 07-01-19 | tel conf | 0.17 |
| 07-01-19 | Email OC regarding Class Disputed Lists | 0.10 |
| 07-01-19 | review emails, draft letter to Court re class list | 0.50 |
| 07-01-19 | Review Def Witness List, Confer Clients | 0.30 |
| 07-11-19 | legal research on 23(f) appeal procedure, draft notice of appeal, ecf | 0.50 |
| 07-11-19 | review court decision decertify class, legal research on pertinent issue | 1.50 |
| 07-22-19 | draft letter and decert notice to Court | 1.00 |
| 07-24-19 | review and revise, finalize and ecf petition for appeal | 0.50 |
| 07-24-19 | draft request for leave to interlocutory appeal | 2.92 |
| 07-24-19 | Review Mandate of USCA, Notice of Appeal | 0.20 |
| 07-24-19 | Review Order re Distribution of De-Certification Notice to Each Class Member | 0.20 |
| 07-25-19 | correct petition for leave to appeal under Rule 23; affirmation in support of motion to withdraw appeal do | 0.75 |
| 07-25-19 | T-1080 for motion to withdraw appeal do | 0.25 |
| 07-26-19 | draft cert of service, email to CA2, ecf motion to withdraw appeal | 0.33 |
| 08-04-19 | Draft and File letter re decert notice | 0.25 |
| | Total | 48.37 |

ADDENDUM (continued)

| EXCLUDED HOURS – KILARU | | |
|---|---|---|
| Date | Description | Hours |
| 01-29-19 | Review the Court Order; Email; Back the order to ourselves, Access, Download and Calendar | 0.42 |
| 02-21-19 | Access, Download | 0.33 |
| 03-27-19 | Email OC regarding depo dates and confirmation | 0.17 |
| 03-27-19 | Get Interpreters for Deposition; and Search for Subpoena | 0.50 |
| 04-09-19 | Email OC regarding the depo | 0.17 |
| 05-06-19 | Email OC requesting consent for the adjournment of the status conf; Email OC not deposing other def | 0.25 |
| 05-07-19 | Draft letter M to adjourn; Email oc and Follow up on the dates and ecf to the court | 0.50 |
| 05-08-19 | review aaron 2d Motion to adjourn conference and Ecf to the court | 0.75 |
| 05-09-19 | Access, Download, Review order 157-158+ | 0.17 |
| | Total | 3.26 |

| EXCLUDED HOURS – HUANG | | |
|---|---|---|
| Date | Description | Hours |
| 03-29-19 | scan exhibits for deposition of managers | 0.33 |
| 07-01-19 | Sort out the Disputed Parties Documents; Draft Email to OC regarding the Class List | 2.00 |
| 07-01-19 | Sort out the Disputed Parties Documents; Draft Email to OC regarding the Class List | 2.00 |
| | Total | 4.33 |

| EXCLUDED HOURS – BECK | | |
|---|---|---|
| Date | Description | Hours |
| 07-01-19 | Sort out the Disputed Parties Documents; Draft Email to OC regarding the Class List | 2.00 |
| 07-28-19 | Print Decertification Notices | 1.50 |
| 07-28-19 | Prepare Decertification Notices for Mailing x 79 | 3.00 |
| 07-28-19 | Mail Decertification Notice at Post Office | 1.00 |
| | Total | 7.50 |

ADDENDUM (continued)

| EXCLUDED COSTS | | |
|---|---|---|
| Date | Description | Amount |
| 03-28-19 | Deposition Transcript, Witness Deposed: Jian Jin Chen and Gui Bing Shi | $830.17 |
| 03-28-19 | Envelope and Postage re Deposition Transcript | $1.00 |
| 03-28-19 | Opt Out Deposition Interpretation by Arthur Kwok | $495.00 |
| 04-02-19 | Deposition of TUN LEE LAM Interpretation by Arthur Kwok for April 02, 2019 | $270.00 |
| 04-02-19 | Deposition Transcript, Witness Deposed: Tun Yee Lam | $830.17 |
| 04-02-19 | Envelope and Postage re Deposition Transcript | $1.00 |
| 07-27-19 | Printing Class Decertification x 77 | $61.60 |
| 07-27-19 | Envelope Class Decertification x 77 | $38.50 |
| 07-27-19 | Postage Class Decertification x 77 | $42.35 |
| | TOTAL | $2,569.79 |

16