UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JIANMIN JIN,                                                                                     Case No. 16CV5633
                                                                                                            (ARR) (JO)

                                        Plaintiff,

                      -against-                                                           DEFENDANTS'
                                                                                                           OBJECTIONS TO
SHANGHAI ORIGINAL, INC. d/b/a Joe's Shanghai,              TO REPORT AND
EAST BROTHER CORP. d/b/a Joe's Shanghai,                       RECOMMENDATION
ALWAYS GOOD BROTHERS, INC. d/b/a Joe's Shanghai,    FOR ATTORNEY'S FEES
SHANGHAI CITY CORP. d/b/a Joe's Shanghai,
SHANGHAI DUPLICATE CORP. d/b/a Joe's Shanghai,
KIU SANG SI a/k/a Joseph Si, MIMI SI, YIU FAI FONG
TUN YEE LAM and SOLOMON C LIOU,

                                        Defendants.
------------------------------------------------------------------------X

        DEFENDANTS hereby file objections to the Report and Recommendation of Hon. U.S.M.J. James Orenstein dated June 29, 2020 (Doc 213) (the "Report") awarding Plaintiff attorney's fees, as follows:

### Objection #1: Excusable Neglect Requires a Sufficient Reason for Delay Even If Delay and Prejudice Are Minimal.

        1. The Report excuses Plaintiff's delay in failing to file the motion for attorney's fees within the 14-day time limit of FRCP 54(d)(2)(B)(1) (Doc 213, p. 4). The pivotal determinant of excusable neglect is the reason for the delay in light of the movant's good faith efforts and whether the circumstances were within the movant's reasonable control, Marchisotto v City of New York, No. 05 Civ. 2699(RLE), 2009 WL 2229695, at 4* (S.D.N.Y. July 27, 2009). "Absent a sufficient reason for its delay, the fact that the delay and prejudice were minimal would not excuse MetLife's mere inadvertence," Tancredi v Metropolitan Life Insurance Company, 378 F.3d 220, 228 (2nd Cir. 2004). The Second Circuit refused to find excusable neglect – even where delay and prejudice were minimal – where movant failed to provide a valid explanation for its delay

(declining to find excusable neglect where the reason for the delay is entirely unclear), Id. at 228. Failure to follow clear dictates of a court rule generally will not constitute excusable neglect where counsel fails to offer a persuasive justification for failing to comply with the rule, Canfield v Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 - 251 (2nd Cir. 1997). The Report finds that counsel's excuse (working to get a client out of prison) was not sufficient to constitute good cause for delay. Further, the 31-day delay past the 14-day time limit of FRCP 54(d)(2)(B)(1) is relatively substantial and not minimal. Even if the 31-day delay is deemed minimal, the reason for the delay is not sufficient to excuse Plaintiff's inadvertent failure to comply with the Rule under the circumstances. Accordingly, Plaintiff failed to establish excusable neglect.

**Obection #2: If Troy's Fee is Not Capped According to its Retainer Agreement, a Further Deduction Should Be Taken for Failing to Disclose the Retainer Agreement with its Client Since Troy Should Not Be Entitled to Both the Fee Awarded by the Court and One-Third of the Client's Net Recovery Under its Retainer Agreement.**

2. The Report fails to cap the fee award at one-third of the damages award – and fails to deduct any amount from the fee despite Troy Law PLLC's failure to disclose to the Court its one-third contingent fee retainer agreement with the client (Doc 213, p. 5). Knowledge of the retainer agreement certainly is within the control of Plaintiff's counsel. Troy Law does not deny that under its retainer agreement it is entitled to collect a one-third contingent fee from the client, i.e. (1/3 of $36,000.00) or approximately $12,000.00 from the client's net recovery. Counsel's retainer agreement with the prevailing Plaintiff is relevant and should be considered in assessing the reasonableness of the fee award after trial – just as the agreement would be relevant in considering the fee allocation in a proposed settlement, see Gurung v White Way Threading LLC, 226 F.Supp.3d 226, 231 (S.D.N.Y. 2016). The Court's Judgment does not authorize a percentage fee award to Plaintiff's counsel. Plaintiff's counsel should not be entitled to collect from

Defendants a reasonable lodestar amount as determined by the Court - and to collect from his client a contingency fee bonus or additional amount to make up for any portion of counsel's fee application that is disallowed by the Court - if the purpose of the fee-shifting statute is to shift the fee obligation to the Defendants based on a reasonable lodestar amount.  Plaintiff's counsel should not be entitled to a windfall.  To discourage such windfall and/or possible loss to the Plaintiff - in view of counsel's non-disclosure of its contingent fee retainer agreement – an additional amount up to the $12,000 windfall should be deducted from the reasonable lodestar fee award in the Court's discretion.

**Objection #3: Jin's Counsel Should Not Be Compensated for Time Spent Seeking Collective Certification of a Class that Included the Defendants' Employees at Other Restaurants Who Were Not Within the Flushing Class.**

3. The Report rejects Defendants' argument to deem non-compensable the time counsel spent seeking collective certification of a class that included defendants' employees at other restaurants who are not within the Flushing Class (Doc 213, p. 9). Plaintiffs' primary aim in this litigation, as reflected in the complaint, discovery and motion practice, was collective action certification including the Midtown and Chinatown restaurants in addition to Flushing. Defendants, citing Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013), opposed Plaintiffs' motion for conditional collective certification of a class including the Midtown restaurant – where Named Plaintiffs did not work - because Plaintiffs failed to make a showing of common ownership and management of the Flushing and Midtown restaurants – and failed to make a showing of a uniform policy or practice at the Flushing and Midtown restaurants (Doc 44).  Although Magistrate Judge Orenstein initially granted conditional certification of the Flushing and Midtown Restaurants, June 7, 2017 Status Conference Minutes, Judge Ross subsequently decertified the collective action relying upon Hamadou's requirement that plaintiffs

demonstrate that they were all subject to the same alleged unlawful policy or practice – and concluding that "plaintiffs therefore cannot even meet the showing required to certify a conditional collective action, let alone satisfy the more demanding showing required at the stage of final certification" (Doc 115, pp. 10 – 11).  Midtown should not have been included in a conditional collective, absent proof of a common unlawful policy that Plaintiffs never established.  The most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff, <u>Barfield v New York City Health and Hospitals Corp.</u>, 537 F.3d 132, 152 (2nd Cir. 2008).  Further, contrary to claims made that Midtown opt-in plaintiffs received a flat rate of pay without regard to minimum wage and overtime, Judge Ross found that six of the nine opt-ins testified at their depositions that they were paid at least the minimum wage plus overtime, they punched time cards every time they were paid, they received notices of pay rate and pay day and that the payroll records kept by Midtown were accurate (Doc 115, pp. 5 – 6).  Judge Ross expressed "concern" about the discrepancy between the sworn affidavit of one of the Midtown opt-in plaintiffs and her subsequent deposition testimony (Doc. 115, pp. 28 – 29, n. 13).  Clearly, counsel's failure to properly interview the opt-in plaintiffs – and counsel's misleading presentation of their claims - resulted in much unnecessary litigation and expense.  These Midtown opt-in plaintiffs did not have even colorable claims under the FLSA.  Since Plaintiffs had no basis – zero basis - for seeking a collective action against Chinatown and Midtown, Defendants should not have to pay for Plaintiffs' ultimately unsuccessful efforts to include the Chinatown and Midtown Restaurants in a conditional collective - a final collective - or a rule 23 class. The Second Circuit warned that not reducing the fee award in these circumstances would pose two risks: (a) decreasing the incentive for plaintiffs' lawyers vigorously to litigate collective action certification, and (b) encouraging plaintiffs' lawyers to file collective action-based claims even where there is little

4

basis for doing so, <u>Barfield v New York City Health and Hospitals Corp.</u>, 537 F.3d 132, 152 (2nd Cir. 2008). Barfield approved a fifty (50%) percent reduction in lodestar based on plaintiff's failure to achieve her primary objective, i.e. collective certification. We respectfully urge the Court to make a similar fifty (50%) percent reduction in lodestar, based on Plaintiffs' lack of any basis even for conditional collective certification and failure to achieve their primary objective, in addition to all other reductions recommended in the Report.

**Objection #4: Jin's Counsel Should Not Be Compensated for Time Spent Representing the Flushing Class Since Counsel Failed to Fairly and Adequately Represent the Interests of the Flushing Class Resulting in Prejudice to Class Members and Decertification of the Class**

4. The Report rejects Defendants' argument not to compensate counsel for time spent seeking certification of the Flushing Class since counsel failed to "fairly and adequately represent the interests of the class" resulting in prejudice to class members and decertification of the class (Doc 181, pp.6 – 7) (Doc 213, p. 9). Therefore, in addition to deductions for time spent and costs incurred based on counsel's aborted claim that defendants inappropriately interfered with the formation of the class, as recommended in the Report, Counsel should not be awarded any fee for other time spent and other costs incurred on the unsuccessful Flushing Class due to counsel's failure to fairly and adequately represent the interests of the class. As the Second Circuit cautioned in <u>Barfield</u>, <u>supra</u>., awarding a fee in such circumstances would decrease the incentive for plaintiffs' lawyers vigorously to litigate the interests of the class.

**Objections #5 and 6: Jin's Counsel Should Not Be Compensated for Time Spent Asserting Single-Enterprise Liability Against Flushing, Midtown and Chinatown and Liability Against Founder Kiu Sang Si a/k/a Joseph Si Since Counsel Had Little or No Basis for Doing So**

5. The Report rejects Defendants' arguments to deem non-compensable the time

spent by Plaintiff Jin and his attorney pursuing claims against Shanghai Original, Inc., Shanghai City Corp. and Shanghai Duplicate Corp. based on single enterprise liability – and time spent pursuing claims against Defendant founder Joe Si (Doc 213, p.9). Despite the Court's previous finding that Flushing, Midtown and Chinatown were separately owned and managed and that each maintained its own employment policy (Doc. 115) – counsel insisted on going to trial on this non-issue and attempted to present rank hearsay and speculation as "evidence" of single enterprise liability. Counsel should not be awarded any fee for services relating to the unsuccessful and unnecessary attempt to prove single entity liability against Midtown and Chinatown.

6. Similarly, from the start of this action, Plaintiff Jin and his attorney alleged in the complaint that Si hired him (Doc 1, par. 26). This was a false allegation from its inception and Plaintiff knew it – or should have known it. There was no evidence or testimony whatsoever to support this allegation. Yet, plaintiff and his attorney insisted on taking Si to trial if he would not agree to their outrageous settlement demands. Again, Plaintiff and his attorney had no basis – zero basis – for claims against defendant Si. Counsel should not be awarded any fee for services relating to the unsuccessful claims against Si.

7. Finally, plaintiff Xie failed to appear for his deposition on numerous occasions and was precluded from testifying. Plaintiff Xie and his attorney were wholly unsuccessful and failed to prevail in any of Xie's claims against all defendants. Counsel should not be awarded any fee for services relating to the unsuccessful claims brought on behalf of plaintiff Xie (Doc 213, p. 9).

**CONCLUSION**

For the foregoing reasons, Defendants object to the Report to the extent set forth above, and Defendants respectfully request that the Court deny Plaintiff's fee application in its entirety,

or alternatively, further reduce the rates charged and the hours billed by Troy Law, PLLC to derive the appropriate attorney's fee award for Plaintiff's counsel.

      I declare pursuant to 28 U.S.C. §1746 and under penalty of perjury that the foregoing is true and correct.  Executed this 13th day of July 2020 in New York, New York.

                                      s/ David B. Horowitz  
                                      David B. Horowitz, Esq., 1890  
                                      FONG & WONG, P.C.  
                                      Attorneys for Defendants  
                                      254 Canal Street, Suite 2002  
                                      New York, New York 10013  
                                      (212) 966-6668  
                                      dh@fwatty.com