# MANDATE

## UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-one.

Before:     Debra Ann Livingston,
            *Chief Judge,*
            Amalya L. Kearse,
            Richard C. Wesley,
            *Circuit Judges.*

_____

Jianmin Jin,                                        **JUDGMENT**

        Plaintiff - Appellant,                    Docket No. 19-3782

v.

Shanghai Original, Inc., DBA Joe's Shanghai, East
Brother Corp., DBA Joe's Shanghai, Always Good
Brothers, Inc., DBA Joe's Shanghai, Shanghai City
Corp, DBA Joe's Shanghai, Shanghai Duplicate
Corp, DBA Joe's Shanghai, Kiu Sang Si, AKA
Joseph Si, Mimi Si, Yiu Fai Fong, Tun Yee Lam,
Solomon C. Liou,

        Defendants - Appellees.

_____

The appeal in the above captioned case from a judgment of the United States District Court for the Eastern District of New York was argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court and its July 10, 2019 Order decertifying the class are AFFIRMED.

For the Court:
Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

MANDATE ISSUED ON 03/30/2021

**19-3782**
*Jin v. Shanghai Original, Inc., et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————

August Term 2020

(Argued: November 19, 2020 | Decided: March 9, 2021)

Docket No. 19-3782

JIANMIN JIN,

*Plaintiff-Appellant*,

v.

SHANGHAI ORIGINAL, INC., DBA JOE'S SHANGHAI, EAST BROTHER
CORP., DBA JOE'S SHANGHAI, ALWAYS GOOD BROTHERS, INC.,
DBA JOE'S SHANGHAI, SHANGHAI CITY CORP, DBA JOE'S
SHANGHAI, SHANGHAI DUPLICATE CORP, DBA JOE'S SHANGHAI,
KIU SANG SI, AKA JOSEPH SI, MIMI SI, YIU FAI FONG, TUN YEE LAM,
SOLOMON C. LIOU,

*Defendants-Appellees*.[†]

———————

Before:

LIVINGSTON, *Chief Judge*; KEARSE, WESLEY, *Circuit Judges*.

Plaintiff-Appellant Jianmin Jin brought a putative class action on behalf of
himself and similarly-situated employees of Joe's Shanghai restaurant alleging
violations of the New York Labor Law ("NYLL").  The United States District Court
for the Eastern District of New York (Ross, *J.*, Orenstein, *M.J.*) certified a class

---

[†] The Clerk of the Court is directed to amend the official caption as set forth above.

action under Federal Rule of Civil Procedure 23(b)(3) ("Rule 23") of all non-managerial employees at the Flushing, Queens location of Joe's Shanghai on the NYLL claims.  Five days before the trial was scheduled to start, the district court *sua sponte* decertified the class, determining that class counsel was no longer adequately representing the class.  The court identified class counsel's plan to call only two class members as witnesses at the trial as the "significant intervening event" triggering decertification.

The district court held a bench trial on Jin's individual claims and entered judgment in favor of Jin against three of the defendants.  Jin appeals from the judgment in his favor challenging the court's pre-trial decertification of the class.  He argues that the court abused its discretion in decertifying the class because the significant intervening event the court identified did not justify decertification.

We first resolve a jurisdictional issue not raised by the parties.  Although Jin prevailed on the merits of his claims, this appeal is not moot because Jin maintains standing as to the class certification issue.  On the merits, because class counsel's conduct made clear that counsel was no longer adequately representing the class, the court acted within its discretion in decertifying the class.

Accordingly, we **AFFIRM** the judgment of the district court.

––––––––––––––––

AARON B. SCHWEITZER (John Troy, *on the brief*), Troy Law, PPLC, Flushing, NY, *for Plaintiff-Appellant*.

DAVID B. HOROWITZ, Fong & Wong, P.C., New York, NY, *for Defendants-Appellees*.

––––––––––––––––

WESLEY, *Circuit Judge*:

Jianmin Jin was a kitchen worker at the Flushing, Queens location of Joe's Shanghai restaurant.  Jin successfully moved to certify a Rule 23 class action on behalf of himself and all other non-managerial employees at Joe's Shanghai in Flushing based on alleged violations of their rights under the New York Labor

Law.[1]  Five days before the class trial, the district court *sua sponte* decertified the class based on class counsel's inadequate representation.  The court identified class counsel's plan to call only two class members as witnesses at the trial as the "significant intervening event" prompting decertification.  The court then held a bench trial on Jin's individual claims only; Jin prevailed on the merits.  Jin appeals from the judgment in his favor, challenging the court's pre-trial decertification of the class notwithstanding his victory on his individual claims.  For the following reasons, we hold that we have jurisdiction to decide Jin's appeal and that the district court acted within its discretion in decertifying the class.

## BACKGROUND

Joe's Shanghai restaurant has three locations in New York City; each is independently owned and managed.  Jianmin Jin was a kitchen worker at the Flushing, Queens location.   Jin and Chunyou Xie, who also worked at Joe's Shanghai in Flushing, sued the corporate and individual owners of the restaurants

---

[1] Jin also brought a putative collective action under the Fair Labor Standards Act alleging violations of the minimum wage and overtime requirements.  The magistrate judge conditionally certified the collective action as to the employees at two locations of Joe's Shanghai.  After discovery, the district court decertified the collective action.  Without explanation the court appears to have exercised supplemental jurisdiction over the NYLL claims.  *See* 28 U.S.C. § 1367(a).  The parties also agreed that the court has supplemental jurisdiction over the NYLL claims in the joint pretrial order they submitted that was approved by the court.

(collectively, "Owners") on behalf of themselves and all current and former non-managerial employees at all three locations.   They alleged violations of the minimum wage and overtime requirements under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as the spread-of-hour requirements under the NYLL.

This appeal concerns a narrow slice of the claims brought before the district court: only the Rule 23 class action on the NYLL claims as to the employees at the Flushing location of Joe's Shanghai.   The district court certified this class after finding it satisfied Rule 23(a) and Rule 23(b)(3).[2]   As the court noted, "[t]he crux of the plaintiffs' claims is susceptible to classwide proof: did the [Owners] have a

---

[2] Rule 23(a) has four requirements: (1) numerosity, "the class is so numerous that joinder of all members is impracticable;" (2) commonality, "there are questions of law or fact common to the class;" (3) typicality, "the claims or defenses of the representative parties are typical of the claims or defenses of the class;" and (4) adequacy of representation, "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  In addition to the requirements of Rule 23(a), a class action must meet the separate requirements of one of the four types of class actions specified in Rule 23(b). Because this is a money damages case, the court found the class satisfied the requirements of Rule 23(b)(3): "that the questions of law or fact common to class members *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3) (emphasis added).

policy or practice of paying employees flat rates regardless of minimum wage, overtime, and spread-of-hour requirements?"[3]   Jin App. 829.

When a district court certifies a class, it must also appoint class counsel.  Fed. R. Civ. P. 23(g).  Rule 23(g) requires courts to consider several criteria, including counsel's efforts investigating the claims, experience with class actions, knowledge of the area of law, and resources.  *See* Fed. R. Civ. P. 23(g)(1)(A).  The district court appointed John Troy and Troy Law, PPLC (together, "Troy Law") as class counsel "[g]iven that [Troy Law] has extensive experience litigating employment law cases in this district, including class actions, and . . . has taken this case through the [pre-class certification] discovery process."  Jin App. 832.

However, after the court certified the class, Troy Law's representation of the class faltered.  To establish that the Owners had a policy or practice of paying employees illegally low flat rates, Jin and Xie needed evidence regarding employee hours and wages.  In the joint pretrial order ("JPTO"),[4] class counsel listed seventy-three witnesses who would testify at trial; most were labeled "class

---

[3] The district court bifurcated the trial into liability and damages stages due to the individualized nature of the damages for each class member.

[4] The parties missed several chances to submit a JPTO that complied with Judge Ross's practice requirements before they finally submitted a JPTO that the magistrate judge deemed "substantially complied" with the requirements.  Special App. 2.

plaintiffs." *See* Jin App. 1072–87.  The description of each witness's anticipated testimony was the same.  The Owners explained in the JPTO that with one exception, "the cash payroll records, [timecard] records and most notices of pay rate for the period prior to November 2016 were lost and [Owners] are not able to produce them." Jin App. 1095.  As a result, class counsel should have been aware that witness testimony on employee hours and wages would be crucial to prove the Owners' liability.

Months later, class counsel alleged that the Owners interfered with the class formation process during the sixty-day opt-out period when class members could exclude themselves from the class.[5]  Class counsel noted in an affidavit that they received twenty-seven opt-out forms—attached as exhibits to the affidavit—and identified certain irregularities with the forms, which led counsel to allege that the Owners impermissibly contacted and persuaded the class members to exclude themselves.  Accordingly, class counsel sought leave to file a sealed motion for sanctions or to reopen discovery.

---

[5] When a class is certified under Rule 23(b)(3), as was the one here, the court must direct to class members notice and the opportunity to request exclusion from the class.  *See* Fed. R. Civ. P. 23(c)(2)(B)(v); (c)(3)(B).

The magistrate judge reopened discovery for a limited amount of time to allow class counsel to conduct depositions of three restaurant managers and twenty-five class members who opted out to investigate the Owners' alleged interference.  During a status conference on the last day of the discovery period— which class counsel tried twice to delay—class counsel revealed they had conducted only a few depositions of the managers, none of the employees, and stopped conducting the remaining planned depositions more than a month before the deadline without notifying the court.  Class counsel's motion for sanctions was withdrawn and the case returned to Judge Ross for trial.

The court scheduled the  trial[6] and directed the parties to submit additional information, including revised witness lists with detailed explanations of each witness's anticipated testimony.  However, class counsel's revised witness list did not reflect an understanding that witness testimony would be essential for proving the class's claims.  Their first revised witness list included thirty-four witnesses and gave inadequate details on each witness's anticipated testimony.  The second revised list revealed that class counsel planned to call just four witnesses, only two

---

[6] Just a few days after agreeing to the trial date of July 15, class counsel attempted to delay the trial based on scheduling conflicts.

of whom were class members.[7]  The two non-class members were not employed at Joe's Shanghai in Flushing, and the anticipated testimony of one seemed to undermine the class claim because he was paid an hourly, rather than flat, wage. Class counsel also submitted a final class list consisting of thirty-eight class members.

Five days before the trial, the district court *sua sponte* decertified the class. The court stated that "[w]hile there have been numerous red flags over the past few months, including counsel's failure to adequately respond to the court's orders and apparent attempts to delay trial, the 'significant intervening event' triggering decertification is counsel's disclosure that he plans to call only two class members as witnesses at trial."  Special App. 6 (citation omitted).  Given the importance of testimony from the employees to the class claim that the Owners had an illegal flat-rate payment policy, the court concluded that "by calling only two relevant witnesses" class counsel was not "fairly and adequately represent[ing] the interests of the class," in violation of Rule 23(g). *See* Special App.

---

[7] Although their revised witness list included twenty-four "adverse" witnesses, class counsel did not describe their anticipated testimony.  The district court reminded class counsel that if they planned to call any of the listed adverse witnesses, they must subpoena them.  Based on the record, it does not appear that class counsel did so.  It thus seems that the district court considered the four witnesses with adequate descriptions of their anticipated testimony to be the only witnesses class counsel planned to call at trial.

6 (quoting Fed. R. Civ. P. 23(g)(4)).  Furthermore, the court determined the prejudice to class members from inadequate representation outweighed the prejudice to class members by decertifying the class so close to trial.

Instead, the court held a bench trial on Jin's individual FLSA and NYLL claims on the same date the class trial was scheduled to start.  The district court entered judgment in Jin's favor, finding three of the Owners liable for FLSA and NYLL violations and awarding Jin a total of $35,880.30, including unpaid overtime compensation, liquidated damages, statutory notice damages, and pre-judgment interest.  The court later granted attorney's fees and costs.

On appeal, Jin challenges the decertification of the class.[8]

## DISCUSSION

We review a district court's decision to decertify a class action for abuse of discretion, *see Mazzei v. Money Store*, 829 F.3d 260, 270 (2d Cir. 2016), and the legal conclusions underlying the district court's decision *de novo*, *see Waggoner v. Barclays PLC*, 875 F.3d 79, 92 (2d Cir. 2017).

---

[8] Initially, class counsel filed this appeal on behalf of Jin and Xie.  Counsel later informed this Court that the appeal is only on behalf of Jin and does not include Xie.  We note that counsel waited several months before notifying this Court, even though counsel acknowledged in their brief that Xie "had stopped cooperating with counsel long before the time of class certification."  Appellant's Br. at 6 n.1.

## I.  Mootness

Jin's appeal of the decertification presents a curious preliminary question. His success on the merits of his individual claims—the court awarded damages, attorney's fees, and costs—could be seen as mooting his interest in appealing the decertification of the class.[9]  We conclude that it has not.

"[T]o invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action."  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation marks and citation omitted).  If "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the case becomes moot.  *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted).

In this context, the live controversy requirement asks whether the putative unnamed class members and defendants maintain an "adversary relationship . . . with respect to the underlying cause of action."  *See Franks v. Bowman Transp. Co.,*

---

[9] We raised this issue *sua sponte* and gave the parties a chance to submit briefing to address it.  Because our inquiry is jurisdictional, we are obligated to resolve the issue regardless of the content of the parties' submissions.  *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

*Inc.*, 424 U.S. 747, 756 (1976).  The putative unnamed[10] class members in this case are all current and former non-managerial employees at Joe's Shanghai in Flushing who worked there during the NYLL statute-of-limitations period.  Although in some cases the Supreme Court has referenced class members moving to intervene as named plaintiffs as demonstrative of a live controversy, *see Geraghty*, 445 U.S. at 396, the Court has never required class members to take an affirmative act for the underlying dispute to remain live.  *See, e.g.*, *Kremens v. Bartley*, 431 U.S. 119, 134–35 (1977); *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 389 (5th Cir. 2003).  This accords with the basic premises of a class action: "an absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course . . . ."  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985).

The underlying controversy in this case remains for the putative class members.  "[A] claim for damages . . . remains live until it is settled, judicially resolved, or barred by a statute of limitations."  *Genesis Healthcare Corp.*, 569 U.S. at 77.  None of these events occurred with respect to the claims of all the putative

---

[10] "Unnamed" class members are also frequently referred to as "absent" class members. Although they may be identified and named in the record, as they were here, they are the individuals who make up a certified or putative class and are not the class representatives.

class members;[11] Jin is the only class member who obtained relief after winning on the merits of his NYLL claims.  At least some of the putative class members still possess live NYLL claims against the Owners and are potentially "entitled to the relief already afforded [Jin]." *Franks*, 424 U.S. at 755; *see also, e.g., Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1042 (5th Cir. 1981) (holding that "[t]he controversy involved in this case is undoubtedly still live" in a putative securities class action because "[t]he classes which the plaintiffs seek to represent contain at least some number of persons who sold [] securities during the periods at issue").  The putative class members possess an adversarial relationship with the Owners sufficient for a live controversy.

The crux of our mootness inquiry is the second aspect, whether Jin retains a personal stake in this appeal.  Starting in *Sosna v. Iowa*, 419 U.S. 393 (1975), the Supreme Court recognized that a class action avoids mootness as long as a controversy exists "between a named defendant and a member of the class

---

[11] A live controversy persists even if some of the putative class members' NYLL claims are moot, as long as the controversy is not moot as to the entire putative class.  *See, e.g., Gilbert*, 324 F.3d at 390 ("This is not a case in which the entire class's claims are mooted because of the defendant's general policy change.").  We are not concerned with whether the class as it was initially certified would meet the requirements of Rule 23; that would be the district court's responsibility on remand if we were to find that the court improperly decertified the class.  *See Kremens*, 431 U.S. at 134–35; *Geraghty*, 445 U.S. at 407.

represented by the named plaintiff, even though the claim of the named plaintiff has become moot." *Id*. at 402.  Although *Sosna* involved a certified class, the Court's decisions in *Geraghty*, 445 U.S. 388 (1980), and *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326 (1980), confirmed that the *Sosna* principle applies even if class certification was denied.  It is not automatic; its application relies on the specific factual circumstances of each case.  *See Sosna,* 419 U.S. at 403.

In *Roper* and *Geraghty*, class certification was denied and the named plaintiffs' individual claims later became moot.  In *Roper*, the defendant tendered the maximum amount the named plaintiffs could have recovered and, despite their objections, the court entered final judgment in their favor based on the defendant's offer.  *See* 445 U.S. at 329–30.  In *Geraghty*, John Geraghty brought a putative class action challenging the validity of the United States Parole Commission's parole release guidelines.  *See* 445 U.S. at 390.  Geraghty was released from prison while his appeal of the district court's denial of class certification was pending.  *See id*. at 394.

In both cases, the Court concluded that the named plaintiffs could appeal the denial of class certification despite the mootness of their individual claims.  In *Roper*, the Court held that the named plaintiffs "retain[ed] a continuing individual

interest in the resolution of the class certification question in their desire to shift part of the costs of litigation to those who will share in its benefits if the class is certified and ultimately prevails."  445 U.S. at 336.  Although the Court found the narrow fee-shifting interest *sufficient* in *Roper*, it did not hold that the fee-shifting interest was *necessary*.  To the contrary, the Court noted broad interests "to be considered when questions touching on justiciability are presented in the class-action context," such as the named plaintiffs' "right . . . to employ in appropriate circumstances the procedural device of a Rule 23 class action to pursue their individual claims," as well as a "separate consideration, distinct from [named plaintiffs'] private interests"—"the responsibility of named plaintiffs to represent the collective interests of the putative class."  *Id*. at 331.

*Geraghty* endorsed the broad interests identified in *Roper* and took them a step further.  The Court concluded Geraghty could appeal the denial of class certification even though his claim was moot because he possessed "the right to have a class certified if the requirements of [Rule 23] are met."  445 U.S. at 403.  The Court compared this right to the interest of "the private attorney general" and found that type of interest sufficient to satisfy the personal stake requirement.  *Id.* at 403–404.

The Owners argue that Jin does not possess a personal stake because he does not have a financial interest in the class certification issue, given that Jin already obtained damages, attorney's fees, and costs.  We disagree.  Even accepting that Jin lacks a financial interest in the class certification issue,[12] neither we nor the Supreme Court have required that to satisfy personal stake in the context of a named plaintiff appealing the denial of class certification following a favorable judgment on the merits at trial.  Indeed, as noted above, the Court in *Roper* identified several types of relevant interests and determined "the narrow question presented requires consideration only of the private interest of the named plaintiffs."  445 U.S. at 332.  The Court nowhere required that a named plaintiff's personal stake be financial.

In our view, Jin's interest in appealing the decertification of the class is akin to the interest of a private attorney general that sufficed in *Geraghty*.  The private

---

[12] In his letter brief on the issue of whether the appeal is moot, Jin did not identify any continuing specific financial stake in the action.  While it may be that Jin retained some economic interest after trial and judgment in terms of the reductions in attorney's fees and costs the district court imposed as a result of the decertification of the class, as well as an interest in a potential incentive award for his service as class representative, Jin's submission is silent as to all.  For our purpose any claim that Jin has a financial stake in pursuing the decertification issue has been waived.

attorney general concept relates to the objectives of the class action device, which

include deterring misconduct through private enforcement of vital public policies.

*See Roper*, 445 U.S. at 338; *see also Asare v. Change Grp. of New York, Inc.,* 2013 WL

6144764, at \*16 (S.D.N.Y. Nov. 18, 2013).  The NYLL is an excellent example of a

law for which class actions help enforce important public policies, as its goal is to

protect workers from abusive employment practices and ensure compensation in

accordance with hours worked.  *See generally* N.Y. Lab. Law §§ 190–99.  The class

Jin seeks to represent serves this goal: given the small size of many of the

individual claims, those class members lack incentive to pursue the alleged NYLL

violations and would not obtain relief without class certification.  The district court

also credited Jin's assertion that "the predominantly immigrant workers

implicated by this action may fear retaliation"—another impediment for class

members.  Jin App. 830.  As a result, Jin, like Geraghty, has "the right to have a

class certified if the requirements of [Rule 23] are met."  445 U.S. at 403.

The Owners' attempts to distinguish *Geraghty* fall short.  The Court in

*Geraghty* did not find a meaningful difference between the expiration of a claim

and prevailing on the merits.  *See id*. at 401.  Nor did the Court rely on the "capable-

of-repetition-yet-evading-review" exception to mootness in class actions, as the

16

Owners attempt to argue.  The Court noted the mootness exception as an example in its discussion of exceptions to class action mootness; it did not rely on it in its jurisdictional analysis.  *See* 445 U.S. at 398–99.

The Owners also argue Jin lacks a personal stake because unlike the named plaintiffs in *Roper*, Jin's claim did not become moot because of the Owners' unilateral action.  For our purpose, this is a distinction without a difference.  The fact that the Owners "did not attempt to oust Jin from the court's jurisdiction by offering a settlement to moot the claim," Appellees' Letter Br. at 4, merely makes the public policy concerns involved when defendants "'buy off' the individual private claims of the named plaintiffs," *Roper*, 445 U.S. at 339, irrelevant to this case.

Under the specific factual circumstances here, Jin's private attorney general interest suffices to establish his personal stake in this appeal.  The touchstone of our analysis is: why did Jin's claim become moot?  Jin's claim did not become moot by voluntary settlement or some other entirely voluntary action.  In those contexts, courts are less willing to find the private attorney general interest sufficient because of the greater risk that "there is no longer a 'self-interested party

17

advocating' for class treatment." *See Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 100 (4th Cir. 2011) (citation omitted).

There is a material difference between a named plaintiff voluntarily settling their individual claim and a named plaintiff like Jin who prevails on the merits of that claim at a trial. With the former, the nature of the plaintiff's decision to settle is entirely voluntary—the named plaintiff possesses full control of her destiny— whereas with the latter, the named plaintiff submits to the control of the court for the adjudication of her individual claims. As a result, the concerns are fundamentally different in the voluntary settlement and voluntary action contexts compared to those here.[13]

Even in cases where the named plaintiff's claim became moot by voluntary settlement or action, some of our sister circuits have found the private attorney

---

[13] Although not determinative to our analysis, we note the following facts to provide additional context: Jin initially filed notice in the district court indicating his intent to petition this Court for permission to appeal the decertification *before* the trial started. He did not move to stay the trial on his claims after the class was decertified. Jin did not file his petition for an interlocutory appeal of the decertification with this Court as required under Rule 23(f) until after the trial, but his filing was still within the 14-day deadline. *See* Fed. R. Civ. P. 23(f). This Court denied the Rule 23(f) petition as unnecessary and instead construed the petition as a notice of appeal to proceed in the normal course because by that point the district court had already entered judgment on Jin's claims. Jin also moved the district court to reconsider its decertification decision under Rule 60(b), which the court denied and Jin appealed; the appeal was dismissed for counsel's failure to file certain required forms.

general interest in *Geraghty* sufficient to establish a personal stake.  *See, e.g.*, *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002) (holding that the named plaintiff could appeal decertification of the class even though his claims became moot due to his voluntary decision to accept another job); *Love v. Turlington*, 733 F.2d 1562, 1565 (11th Cir. 1984) (holding that "a dispute capable of judicial resolution continues to exist with regard to the class certification issue" where the named plaintiff settled, "[f]inding no meaningful distinction between the settlement of the claim . . . and the expiration of the claim in *Geraghty* for purposes of the ability of the named plaintiff to pursue an appeal of the denial of certification").[14]  The fact that courts are willing to find the private attorney general interest sufficient in these contexts bolsters the sufficiency of that interest here.[15]

Our decision comports with the views of one of our sister circuits.  In *Eisenberg v. Gagnon*, 766 F.2d 770 (3d Cir. 1985), the district court denied class certification and one of the named plaintiffs later prevailed on some of his claims

---

[14] It appeared to the court that "as a condition of the settlement of [named plaintiff's] individual claim, the defendants agreed not to contest the appealability of the certification order."  *Love*, 733 F.2d at 1564.  However, the court did not seem to rely on or even credit this stipulation because it noted "[i]t is an established principle of law that subject matter jurisdiction cannot be created or waived by agreement of the parties." *Id*.

[15] To be clear, we do not take a position on the separate issue of whether the private attorney general interest would suffice when the named plaintiff voluntarily settles.

at a jury trial.  *See id*. at 774.  The Third Circuit held "we can perceive no bar to the present appeal [of the denial of class certification] because the named plaintiffs have won relief on the merits." *Id*. at 784.  Although the court noted that at a minimum the named plaintiffs would have a fee-shifting interest, quoting *Roper*, it did so in a conclusory fashion without citing to any specific pecuniary interest of the named plaintiffs.  *See id.* at 784–85.  And, like the other cases, the court did not hold that the fee-shifting interest was necessary.[16]

Rule 23(f), which allows immediate appeal of class certification determinations, further supports our decision.  Rule 23(f) *authorizes*, but does not *require*, circuit courts to grant interlocutory review of such decisions.  *See* Fed. R. Civ. P. 23(f).  Before Congress enacted Rule 23(f) in 1998, the assumption that "the proposed class representative who proceeds to a judgment on the merits may appeal *denial* of class certification" was "an important ingredient . . . in the rejection

---

[16] More recently, in *Mazzei v. Money Store*, 829 F.3d 260 (2d Cir. 2016), the district court decertified the class after a jury returned a verdict in favor of the class on the merits but before the court entered judgment.  *Id*. at 266.  Subsequently, the court entered final judgment in favor of the named plaintiff on her individual claims only.  *Id*. at 265.  The named plaintiff challenged the decertification, and this Court affirmed.  *Id.*  Although the timing of the decertification differs, in both *Mazzei* and here, by the time we heard the appeal the named plaintiff's claim was moot due to a favorable judgment on the merits after trial.  However, because this Court did not discuss jurisdiction in its opinion, we cannot draw conclusions from its silence.

of interlocutory appeals, as of right, of class certification denials." *Geraghty*, 445 U.S. at 399 (internal quotation marks and citations omitted*); see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 470 n.15 (1978) (explaining that denial of class status would not be the "death knell" of the small-claim class action due to "the prospect of prevailing on the merits and reversing an order denying class certification"). Given that appeals courts retain discretion in deciding requests for interlocutory review under Rule 23(f), finding an appeal moot after a named plaintiff prevails on her individual claims at trial might place undue pressure on that decision.

Jin's private attorney general interest suffices for jurisdiction. The circumstances and considerations involved under the facts of this case are closer to *Geraghty* and the cases where courts have found jurisdiction, such that "[t]he question whether class certification is appropriate remains as a concrete, sharply presented issue" capable of judicial resolution. *See Geraghty*, 445 U.S. at 403.

## II. Class Decertification

A district court is required to monitor class proceedings and "reassess [its] class rulings as the case develops." *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999) (citation omitted). As a result, district courts have the authority to *sua sponte* decertify a class if they find that the class no longer meets the requirements

of Rule 23 at any time before final judgment is entered.   *See* Fed. R. Civ. P.

23(c)(1)(C); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2d Cir. 1982).

Jin argues the district court abused its discretion in decertifying the class

because the "significant intervening event"[17] the court identified—counsel's plan

to call only two class members as witnesses—did not justify decertification.

According to Jin, his counsel's decision did not give cause for decertification

because the "decision [to testify] was entirely up to [the class members] and to no

degree under the control of [class] counsel."   Appellant's Br. at 5–6.

We need not resolve whether class counsel's revised witness list sufficed as

a significant intervening event because a significant intervening event is not

required for a district court to *sua sponte* decertify a class if it finds the class no

longer meets the requirements of Rule 23.   Although some district courts in this

Circuit have expressed that a significant intervening event is required to decertify

a class, *see, e.g.*, *Doe v. Karadzic*, 192 F.R.D. 133, 136–37 (S.D.N.Y. 2000), we have

---

[17] The phrase "significant intervening event" as used in this context derives from previous opinions of district courts in this Circuit that have stated a significant intervening event is required before decertifying a class.  *See, e.g., Jermyn v. Best Buy Stores, L.P.*, 276 F.R.D. 167, 169 (S.D.N.Y. 2011).  The district court decisions that expressed this requirement all involved a motion to decertify, rather than the court decertifying the class *sua sponte*.  As explained in footnote 18, there is a difference between these two contexts.

never held that a significant intervening event is necessary and such a requirement does not exist in the text of Rule 23.

Instead, district courts must ensure that a certified class satisfies Rule 23 throughout the litigation, *see Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982), and possess the authority to alter or decertify the class if that is no longer the case, *see Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 104 n.9 (2d Cir. 2007). Although an "intervening event" may often be the impetus for a district court to *sua sponte* decide that the requirements of Rule 23 are no longer met, the metric by which a district court may properly decertify is not whether such an "intervening event" crosses a threshold of "significance." Instead, the district court need only find that a previously satisfied requirement of Rule 23 is now lacking. *See Sirota*, 673 F.2d at 572 (noting that "a district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met").[18]

---

[18] In contrast to when a district court *sua sponte* decertifies a class, when a defendant moves to decertify, the issue of what the defendant must show is a burden-of-proof issue. Because Rule 23 is silent on the burden of proof, courts have taken different approaches. Like some district courts in this Circuit, other courts have held that the defendant must show a sufficient change in law or circumstances. *See Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817, 832 (8th Cir. 2016) (requiring the defendant to "provide good reason before the district court revisits the [class certification] issue"); *Brown v. Wal-Mart Store, Inc.*, No. 09-CV-03339-EJD, 2018 WL 1993434, at *2 (N.D. Cal. Apr. 27, 2018) ("[T]he defendant seeking decertification must make a showing that the change [in circumstances or law] is

The district court acted within its discretion in decertifying the class on the ground that class counsel was no longer adequately representing the class. Competent representation by class counsel is crucial to the prosecution of a class action.  *See* Fed. R. Civ. P. 23(g) Advisory Committee's Notes to the 2003 amendment (explaining that because "the primary responsibility of class counsel . . . is to represent the best interests of the class," class counsel's "obligation . . . may be different from the customary obligations of counsel to individual clients"). Courts recognized this and historically assessed the adequacy of class counsel under Rule 23(a)(4) even though that provision only concerns the adequacy of the class representatives.  *See* Fed R. Civ. P. 23(a)(4).  When Congress enacted Rule 23(g) governing the appointment of class counsel, it codified this judicial practice, taking "a step towards the fuller acknowledgment that it is class counsel, not the class representatives, who are truly litigating the class's claims."  1 Newberg on Class Actions § 3:80 (5th ed.).

Here, class counsel was no longer "fairly and adequately represent[ing] the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  The record is replete with

---

sufficient to warrant reconsidering the certification decision.").  Because the issue of whether a significant intervening event or a similar type of showing might be appropriate when a defendant moves to decertify is not before us, we do not address this issue.

counsel's shortcomings before the class was decertified: class counsel (1) attempted numerous times to delay trial without any meritorious basis; (2) had the court reopen discovery to conduct twenty-eight depositions related to the Owners' alleged misconduct but conducted only three and failed to inform the court until over a month after they abandoned depositions; (3) repeatedly failed to submit a witness list that complied with Judge Ross's instructions; and (4) in its final revised list, indicated they would only call two class members as witnesses despite indications in the JPTO of the significance of class-member testimony.  Counsel's representation of the class fell woefully short of the skilled and zealous representation expected of class counsel under Rule 23(g), justifying decertification.[19]

Lastly, Jin argues the district court "abused its discretion by not considering whether to limit the scope of the class from all workers at Joe's Shanghai Flushing, as had been originally certified . . . to kitchen workers at Joe's Shanghai Flushing." Appellant's Br. at 7.  Although decertification is an "extreme step . . . where a 'potentially proper class' exists and can easily be created," *Woe by Woe v. Cuomo*,

---

[19] It is not lost on us that class counsel successfully prosecuted Jin's claims.  However, success as individual counsel does not equal adequate representation as class counsel.

729 F.2d 96, 107 (2d Cir. 1984) (citation omitted), the district court "has no *sua sponte* obligation" to alter the class definition to avoid decertification.[20]  *Geraghty*, 445 U.S. at 408.  The risk of prejudice to class members due to class counsel's inadequate representation also outweighed the risk of prejudice due to decertifying the class just before trial.  Because of the *res judicata* effect of class action judgments, the class members would have potentially lost the chance to seek redress on their claims in the future; decertification and subsequent notice to the class preserved this right.  *See Mazzei*, 829 F. 3d at 267.

\* \* \*

The NYLL and other labor protection laws are important public policies that benefit from private enforcement through class actions.  When counsel assume the private attorney general role by acting as class counsel, they must take that role and their obligation to protect the class's interests seriously.

---

[20] Moreover, it is possible that redefining the class as Jin suggested would not meet Rule 23(a)'s numerosity requirement given that class counsel's final list of class members included only sixteen employees of Joe's Shanghai in Flushing.  Although there is no magic number of class members needed to satisfy numerosity, Jin would need to show that joinder for sixteen class members is impracticable because numerosity is generally "presumed at a level of 40 [or more] members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

## CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court

and its July 10, 2019 Order decertifying the class.